Keesling v. Ryan.

---

No. 7637.

## KEESLING v. RYAN.

PRACTICE.—*Supreme Court.*—*Record.*—*Demurrer.*—Where a demurrer has been overruled, but is not in the record, the Supreme Court can not examine the ruling made below.

SAME.—*New Trial.*—Where a motion for a new trial, which is not found in the record, has-been overruled, the Supreme Court can not examine the ruling.

VERDICT.—*Venire de Novo.*—*Special Findings.*—That the answers of the jury to special questions of fact are indefinite, uncertain, conflicting, or merely

expressions of opinion, or are not within the issues, or are not sufficient answers to the questions put, are not grounds for a *venire de novo*, a general verdict having been found.

From the Delaware Circuit Court.

*W. March,* for appellant.

*J. W. Ryan* and *H. S. McRae,* for appellee.

MORRIS, C.—The appellant brought this suit against the appellee. The complaint contains three paragraphs. The first is upon a promissory note for $500, executed by the appellee and one Townsend Ryan to the appellant, February 19th, 1870. The complaint admits that payments had been made on the note from time to time, aggregating $520.

The second paragraph is for $100, alleged to have been collected by the appellee for the appellant, as his attorney.

The third is for one-half of a fee of $100, alleged to have been received by the appellee in a bastardy case, in which the appellant had procured the appellee to be employed upon the agreement that he was to have half the fee for his services in procuring the appellee's employment.

The appellee answered the complaint in four paragraphs. The first was the general denial; the second, payment; the third and fourth were set-offs.

The appellant replied to the answer by a general denial. He also replied to the third and fourth paragraphs of the answer, "that the liability therein stated and the contract therein alleged, if any such occurred and were made, occurred and were made jointly with one Joseph S. Buckles." Wherefore, etc.

The cause was submitted to a jury, who returned a general verdict for the appellee and answers to interrogatories submitted to them by the court at the request of the respective parties.

The appellant moved the court for a new trial. The motion was overruled. He moved for a *venire de novo,* which was also overruled. The appellee remitted $95.05 of the sum found by the jury in his favor. The court rendered final judgment for the appellee. The evidence is not in the record.

The errors assigned involve the rulings of the court upon the demurrer to the fourth paragraph of the answer, upon the motion for a *venire de novo* and upon the motion for a new trial.

Neither the demurrer to the fourth paragraph of the answer nor the motion for a new trial is in the record. We can not know, the demurrer not being in the record, what the grounds of demurrer were, nor what was its form. We can not, therefore, determine whether it was rightly overruled or not. We will, however, presume that the action of the court was right and that there was no error in overruling it. Nor can we say, as we do not know for what reason a new trial was asked, that the court erred in overruling the motion. It must be presumed, under the circumstances, that the court did not err in overruling the motion for a new trial.

We think the motion for a *venire de novo* is properly in the record, and that it was correctly overruled. The reasons or grounds for the motion are thus stated:

"1. The answers to the interrogatories are indefinite, uncertain and contradictory, and are wholly insufficient, in connection with the general verdict, to render judgment upon.

"2. The answer to the first interrogatory propounded by the plaintiff is indefinite and given as matter of opinion.

"3. The answers to the fourth and fifth interrogatories are given as matters of opinion.

"4. The answer to the eleventh interrogatory propounded by the plaintiff is indefinite and given as matter of opinion.

"5. The answer to the thirteenth interrogatory propounded by the plaintiff is uncertain, and no answer at all, but, if treated as an answer, it is in conflict with the answer to the sixth.

"6. The answer to the twelfth interrogatory propounded by the defendant is in conflict with the answers to the fourth and fifth interrogatories propounded by the plaintiff.

"7. The general verdict, in connection with the special findings, is based upon the third paragraph of the answer and the

bill of particulars filed therewith, and yet the general verdict
and the answers to the interrogatories are inconsistent with
said paragraph and bill of particulars, and are almost wholly
outside of them; that only the first two items in the defend-
ant's bill of particulars are for services rendered for the plain-
tiff, amounting to $64.10, and the answers to the interroga-
tories that no services were rendered in prosecuting an in-
junction in favor of any of the persons named in the bill of
particulars.   *   *   *

"8. There was no finding upon the question whether the
amount of defendant's claim was due to the defendant or to
defendant and Buckles."

The first, second, third, fourth, fifth and sixth reasons urged
in support of the motion, which claim that the answers to cer-
tain interrogatories were uncertain, indefinite, conflicting and
given as matters of opinion, were, if true, clearly insufficient
to sustain the motion.   If the answers were as defective as
stated, the appellant should have asked the court to require
the jury to answer them definitely and properly; not hav-
ing done this, he must be deemed to have accepted the answers
given, and to have waived these defects.   *Reeves* v. *Plough,*
41 Ind. 204; *Rosser* v. *Barnes,* 16 Ind. 502; *Bradley* v. *Brad-
ley,* 45 Ind. 67.

If the answers were conflicting, they neutralized each other
and could not affect or control, for that reason, the general
verdict.   *Byram* v. *Galbraith,* 75 Ind. 134.

The general verdict must be regarded as a finding upon all
the issues.   It is a finding upon the issue formed by the denial
of the answer of payment, and upon the fourth paragraph of
the answer, as well as upon the third.   Its comprehensiveness
was not diminished by any matters found by the jury in an-
swer to the interrogatories, outside of the issue upon the third
paragraph of the answer. Nor, if matters were specially found
in answer to the interrogatories outside of the answer, does it
afford any reason for a *venire de novo;* nor will matters so found

Keesling *v.* Ryan.

control, in this case, the general verdict. If, under the third, or other paragraphs of the answer, the appellee was permitted to prove, without objection on the part of the appellant, items of indebtedness not mentioned in the bill of particulars, but within the general scope of the answer, he will not be heard to object to a special finding, on the ground that it embraces such items, for the first time in this court. He should have objected to such proof at the proper time. None of the facts specially found by the jury are irreconcilable with the general verdict, and it can not, therefore, be said that the general verdict, whether considered in connection with the special findings or not, is insufficient. The special findings do not embrace all the issues; the general verdict does.

It is said that the jury did not find the services alleged in the answer to have been rendered by the appellee alone, nor that they were not rendered by him and Buckles. The general verdict finds upon all the issues, that the services were rendered as alleged. As the evidence is not in the record, and the special findings are silent as to this, we must presume that the general verdict found the fact correctly. Assuming that the defects in the special findings, if any, could be reached by a motion for a *venire de novo*, we are satisfied that the defects have been waived, so that they are not available to the appellant. But we are inclined to think that if they had not been waived, they afford no ground for a *venire de novo*. *West* v. *Cavins*, 74 Ind. 265. See, also, *City of Huntington* v. *Breen*, 77 Ind. 29; *Ogle* v. *Dill*, 61 Ind. 438.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.