Grand Rapids and Indiana Railroad Company *v.* McAnnally.

Filed Nov. 24, 1884.

---

No. 11, 719.

GRAND RAPIDS AND INDIANA RAILROAD COMPANY *v.* McANNALLY.

PRACTICE.— *Verdict.—Special Findings.—How Construed.*—The general rule is that when the special findings of facts by a jury, taken and construed together, are inconsistent with their general verdict, the former shall control the latter, and the court shall give judgment accordingly; but where the special findings of facts, when so taken and construed, are inconsistent with each other, contradictory and uncertain in their meaning, they will not control the general verdict.

Grand Rapids and Indiana Railroad Company *v.* McAnnally.

SAME.—*Discretion of Court.*—*Supreme Court.*—Where two motions are pending before a trial court at the same time, it is in the discretion of the court which one of the motions it will first decide, and its exercise of such discretion is not reviewable by the Supreme Court.

From the Randolph Circuit Court.

*A. A. Chapin* and *W. S. O'Rourke,* for appellant.

*I. P. Gray* and *P. Gray,* for appellee.

HOWK, J.—In this case the appellee sued the appellant in a complaint of two paragraphs. In the first paragraph, appellee alleged that appellant was indebted to him in the sum of $2,348.40, for work and labor done and performed by him for the appellant, at its instance and request, in inspecting, repairing and flagging its night trains, at Ridgeville Crossing, from December 6th, 1876, to May 13th, 1881, from six o'clock P. M. to six o'clock A. M.; and that such sum was due and wholly unpaid. In the second paragraph of complaint, appellant's indebtedness to appellee was alleged to be $2,396.25, for apparently the same work and labor, and during substantially the same period of time. Appellant answered in three paragraphs, as follows: 1. A general denial; 2. Payment in full before the commencement of the action; and 3. That the appellee's cause of action did not accrue within six years before the commencement of his suit. To the second and third paragraphs of answer appellee replied by a general denial.

The issues joined were tried by a jury and a general verdict was returned for the appellee, assessing his damages in the sum of $1,120.00. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant under the direction of the court, in substance as follows:

"1. When did the plaintiff commence to perform any of the services for which he claims compensation in this action? Ans. December 6th, 1876.

"2. Was he employed to work for any definite time? If

so, state particularly for how long he was to work? Ans. He was not.

" 3. Is it not true, that he was not employed to flag trains for defendant at the Ridgeville Crossing? Ans. No.

" 4. Is it not true, that in May, 1877, he was notified by Patrick S. O'Rourke, the superintendent of the defendant's railroad, not to perform any service for the company any longer? Ans. No.

" 5. Was not the present action commenced June 21st, 1883? Ans. Yes.

" 6. Did not plaintiff's right of action accrue more than six years prior to the commencement of this action? Ans. It did accrue six years before the commencement of this action.

" 7. Has the defendant ever paid the plaintiff for any of the services mentioned in the complaint? Ans. No.

" 8. How much do you find the services of the plaintiff for defendant are worth, from the time he commenced work, until the 15th day of February, 1877? Ans. $56.

" 9. How much, if anything, do you find the services of the plaintiff for defendant are worth, from the time he commenced to work, until the 1st day of June, 1877? Ans. $144.

" 10. Did the defendant ever make any other contract for the services of the defendant [plaintiff?] than what was made at the time he commenced work in 1876? Ans. No.

" 11. Did the plaintiff not know, at and during his employment, that it was the custom of the defendant railroad company to pay its employees monthly from its pay-car sent over its road? Ans. He did, its regular employees.

" 12. Did the plaintiff ever, prior to bringing this action, make out and report to the defendant company his claims for pay for services rendered? Ans. He did.

" 13. If you say, in answer to the last question, that he did, state when and where, and to whom, did he present his claims for payment? Ans. In the year 1882; in the Grand Rapids depot in Winchester; to the superintendent of road.

" 14. If you say that, within the six years prior to com-

mencement of this action, the defendant in any way obligated itself to pay the plaintiff for his services, state when and where, and in what manner it undertook to do the same? Ans. He obligated himself first at Ridgeville, on or about the 1st of December, 1876, which obligation was not rescinded; he further acknowledged the employment of the plaintiff within the six years, by paying for repairs done by the plaintiff, and further, by referring plaintiff to Mr. Boone for his pay, in the G. R. & I. depot, in the town of Winchester, Ind., in the year 1882.

" 15. If you allow the plaintiff anything, for any services performed for defendant, state specifically for what services you make such allowance, and for what time? Ans. For inspecting, repairing and flagging trains, at the Ridgeville crossing, from June 21st, 1877, to May 13th, 1881.

" 16. If you allow the plaintiff anything for his services, upon which paragraph of the complaint do you make said allowance? If on both, state how much you allow him on the first paragraph and how much on the second, separately? Ans. On the second paragraph.

" 17. Was not the plaintiff, during all the time he claims pay from defendant company, drawing a regular salary per month from the Pittsburgh, Chicago and St. Louis Railroad Company? Ans. He was.

" 18. If you find for the plaintiff, for services rendered prior to June 21st, 1877, state how much you find for him for services rendered before that day? Ans. Nothing. We find the above answers to be true."

The appellant moved the court for a judgment in its favor on the special findings of fact notwithstanding the general verdict; and the appellee moved the court for a new trial. These motions were severally overruled, in the inverse order in which they were made, and the court rendered judgment for appellee on the general verdict.

Appellant has assigned as errors the overruling of its motion for a judgment in its favor on the special findings of fact

notwithstanding the general verdict, and the refusal of the court to rule upon this motion before ruling upon appellee's motion for a new trial, and the overruling of its motion for a new trial.

The appellee has also assigned as a cross error the overruling of his motion for a new trial.

Appellant's counsel first insist in argument, with much force and earnestness, that the trial court erred in overruling the motion of appellant for a judgment in its favor on the special findings of the jury notwithstanding their general verdict. It is claimed that the facts specially found by the jury fully sustain the appellant's plea of the statute of limitations, and are, therefore, inconsistent with and must control the general verdict. It is true that the jury found, in answer to the sixth question submitted to them, that the appellee's " right of action " did accrue six years before the commencement of this action. If this had been the only fact specially found by the jury bearing upon the appellant's plea of the statute of limitations, there would be no difficulty in reaching the conclusion contended for by counsel, that appellant was entitled to a judgment in its favor upon the fact so found, notwithstanding the general verdict for the appellee. But other facts were specially found by the jury, which can not possibly, as it seems to us, be reconciled with the fact that the appellee's cause of action, upon which the jury found and rested their general verdict, accrued six years before the commencement of this action.

The appellee commenced this suit, as found by the jury, on the 21st day of June, 1883. In the second paragraph of his complaint, he sued to recover the value of his alleged work and labor for the appellant, during the entire time between December 6th, 1876, and May 13th, 1881, fifty-four and one-fourth months, at $45 per month. In answer to the 15th question of fact submitted to them, the jury said that they allowed the appellee for his services, performed for appellant, at the Ridgeville crossing, from June 21st, 1877, to May 13th, 1881.

It will be seen from this answer, that the jury only allowed the appellee for such services as he performed for the appellant, within the six years prior to his commencement of this action, on the 21st day of June, 1883. He sued to recover the value of these services, in the second paragraph of his complaint, upon which the general verdict of the jury rested; and it can not be said that his cause of action for these services accrued six years prior to the commencement of this suit, or before such services were rendered. We are justified, therefore, in saying that the facts specially found by the jury, which have any bearing upon the appellant's plea of the statute of limitations, are utterly inconsistent and can not be reconciled, one with another:

The code provides: "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." Section 547, R.'S. 1881. In construing this provision of the code, it has been held that all the facts, stated in the special finding, must be taken and construed together, for the purpose of ascertaining their true legal effect, and when thus taken and construed, if they are inconsistent with the general verdict, they will control it, and the court must give judgment accordingly. But when the facts specially found, taken and construed together, are inconsistent with each other, contradictory and uncertain in their meaning, as in the case in hand, it can not be held that they will control the general verdict, or that judgment should be rendered on such facts, notwithstanding the general verdict. This is settled by many decisions of this court. *Comer* v. *Himes*, 49 Ind. 482; *Indianapolis, etc., R. R. Co.* v. *McCaffrey*, 62 Ind. 552; *Byram* v. *Galbraith*, 75 Ind. 134; *Keesling* v. *Ryan*, 84 Ind. 89; *North-Western Mutual Fire Ins. Co.* v. *Blankenship*, 94 Ind. 535 (48 Am. R. 185).

We conclude, therefore, that the court committed no error in overruling appellant's motion for a judgment in its favor

on the special finding of facts, notwithstanding the general verdict for the appellee.

Nor is there any available error, we think, in the court's refusal to act upon the appellant's motion for judgment, before it had ruled upon appellee's motion for a new trial. It was in the discretion of the court, which of the two motions it would rule on first, and its exercise of this discretion is not a matter for review in this court.

We can not disturb the general verdict on the evidence, although it might seem to us that the trial court ought to have sustained the motion for a new trial. There is evidence in the record, if believed by the jury, who are the exclusive judges of the credibility of witnesses, which tends at least to sustain the general verdict. Under the settled practice of this court, this was sufficient to sustain the verdict, when questioned here.

The judgment is affirmed, with costs.

ZOLLARS, J., took no part in the decision of this cause.

Filed Nov. 12, 1884.

ON PETITION FOR A REHEARING.

ELLIOTT, J.—As shown by the authorities referred to in the former opinion, answers to interrogatories can not control the general verdict, if they are in themselves contradictory. The reason for this rule is manifest. If the answers contradict each other, there are no facts which can be said to be in irreconcilable conflict with the general verdict, and it is settled by very many decisions that unless the facts specially found are in irreconcilable conflict with the general verdict, it must stand. Where the answers contradict each other, the utmost that can be said is, that one finding nullifies the other, and, if this be true, the general verdict stands without opposition. In determining what effect shall be assigned to the answers all must be considered, and a party is not at liberty to select such as suits his purpose and reject such as are against him. *Growcock* v. *Hall*, 82 Ind. 202; *Strecker* v. *Conn*, 90

Grand Rapids and Indiana Railroad Company v. McAnnally.

Ind. 469. Conceding that one answer in the present case is favorable to the appellant, still, there is another which, if the appellant's theory is correct, is directly contradictory. Assuming that there is a contradiction, the most that can be said is, that the one answer destroys the force of the other, and, if this be true, there is nothing which will warrant an overthrow of the general verdict. Assuming that there is no real contradiction, and acting upon the theory that the apparent conflict in the answers can be reconciled, then the just construction is that the jury meant that the first services were rendered more than six years before the action was brought, and that a cause of action then accrued, and this is perfectly consistent with a finding that some services were rendered within a period not six years anterior to the time the action was brought. In a certain sense a cause of action did accrue when the appellant employed the appellee, and this answer is not absolutely inconsistent with the others. Adopting this last theory, then, as the interrogatories show that some of the services were rendered within six years, and that for these the recovery was adjudged, the facts specially found, instead of antagonizing the general verdict, yield it full support.

We have implicitly assumed that where some items are within the statute and others not, the latter are not barred, and this assumption we make express, for it simply declares a well recognized rule of law. Cotes v. Harris, Buller N. P. 149; Wood Lim. 597.

In the case of Grand Rapids, etc., R. R. Co. v. Boyd, 65 Ind. 526, it was said: "All the facts stated in the special finding must be taken and construed together." And from this it is obvious that the decision will not bear the construction placed upon it by the appellant, for it would be logically impossible to construe together findings that were directly contradictory. It does not always follow, as counsel assume, that because some of the findings are favorable to the plaintiff, and some to the defendant, there is an invincible repugnancy. To give the decision referred to the construction placed upon it

by appellant's counsel would bring it into conflict with many other decisions, and we perceive no just reason for doing this.

Petition overruled.

Filed Dec. 18, 1884.