Filed Jan. 22, 1885.

---

No. 11,040.

HERETH *v.* HERETH ET AL.

ASSIGNMENT OF ERRORS.—*Marion Superior Court.*—*Practice.*—In an appeal from the Marion Superior Court, error can only be assigned upon the judgment at general term affirming or reversing the judgment at special term, and this presents to the Supreme Court only such questions as were presented to the general term.

VERDICT.—*Special Findings.*—*Venire de Novo.*—*Practice.*—Contradictory answers by the jury to interrogatories, the general verdict being in due form, will not justify judgment notwithstanding the general verdict, nor the award of a *venire de novo.*

BILL OF EXCEPTIONS.—*Instructions.*—*Practice.*—Under the code of 1852 a cause was tried at the May term, and a motion for a new trial overruled at the October term, when sixty days time was given in which to file a bill of exceptions, which was filed accordingly.

*Held,* that this bill could not bring into the record instructions or exceptions thereto.

From the Marion Superior Court.

*J. Coburn,* for appellant.

*C. A. Ray, F. Knefler* and *J. S. Berryhill,* for appellees.

BEST, C.—The appellant brought this action against the appellees to perpetually restrain them from obstructing a

private way. An answer of four paragraphs was filed. A separate demurrer to the first, second and third paragraphs was overruled and a reply filed. The issues were tried by a jury, and a verdict, with answers to interrogatories, was returned for the appellees. Motions for judgment notwithstanding the general verdict, for a *venire de novo*, and for a new trial, were severally overruled, and judgment was rendered upon the verdict. An appeal was taken to the general term, where the judgment was affirmed, and from such judgment this appeal has been taken.

The first four assignments of error in this court question rulings made by the superior court in special term, and as no question can thus be raised, as has heretofore been decided, no further notice will be taken of such assignments. *Indianapolis, etc., Union v. Cleveland, etc., R. W. Co.,* 45 Ind. 281. The remaining assignment alleges that the court erred in affirming the judgment, and this assignment calls in question the ruling of the court upon the errors assigned in the general term.

It is first insisted that the court erred in overruling the appellant's demurrer to the fourth paragraph of the appellees' answer. This ruling was not assigned as an error in the general term of the superior court, and hence no such question is here presented by the record.

It is next insisted that the court erred in overruling the appellant's motion for judgment upon the answers of the jury to the interrogatories, notwithstanding the general verdict. Interrogatories were submitted by both parties, and the answers to those propounded by the appellant are, as he insists, favorable to him and inconsistent with the general verdict. These answers, however, are, as the appellant admits, contradicted by the answers returned to the interrogatories propounded by the appellees, and in this condition of the record the general verdict must prevail. Where answers to interrogatories are contradictory, they neutralize each other, and can not control the general verdict. This has several times been decided, and

is not now an open question in this State. *Byram* v. *Galbraith,* 75 Ind. 134; *Keesling* v. *Ryan,* 84 Ind. 89; *Grand Rapids, etc., R. R. Co.* v. *McAnnally,* 98 Ind. 412; *Pennsylvania Co.* v. *Smith,* 98 Ind. 42.

The motion for a *venire de novo* is based upon the ground that the answers to the interrogatories are vague, indefinite and contradictory. This objection is not true in point of fact. The answers are definite and explicit. Every interrogatory is answered either "yes" or "no." The answers to some of the interrogatories are consistent with the appellant's claim, and are seemingly contradicted by answers returned to other interrogatories, but this fact furnishes no ground for a *venire de novo.* The general verdict for the appellees covered all the issues, and was in no respect defective or indefinite. In such case, contradictory answers to interrogatories can neither control nor otherwise affect the general verdict, and, therefore, furnish no cause for a *venire de novo. McElfresh* v. *Guard,* 32 Ind. 409; *Ogle* v. *Dill,* 61 Ind. 438; *West* v. *Cavins,* 74 Ind. 265; *Keesling* v. *Ryan, supra.*

The motion for a new trial is pressed upon the ground that the verdict is contrary to the evidence, and because the court, as is alleged, erred in giving and in refusing to give instructions. The evidence in this case is conflicting. This the appellant concedes by his argument, and though the preponderance may be with him, as he claims, we can not, as has often been decided, disturb the judgment upon a question requiring us to pass upon the mere weight of the evidence.

This cause was tried at the March term, 1880, and the new trial was denied at the October term thereafter. When this was done, sixty days' time was given within which to file a bill of exceptions, and in pursuance of this order a bill was filed embracing the evidence, the instructions given and refused, with a statement that the appellant had duly excepted to the action of the court in giving and refusing to give instructions. The instructions, the ruling of the court thereon and the appellant's exceptions thereto were not otherwise made

a part of the record. - The bill of exceptions thus filed only brought into the record the evidence and the ruling of the court upon the motion for a new trial. It did not bring into the record the instructions nor the ruling of the court in giving or refusing any of them, and hence the record presents no question concerning them. *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110 ; *Indianapolis, etc., R. R. Co.* v. *Pugh,* 85 Ind. 279.

This disposes of all the questions in the record, and, as no error appears, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

ELLIOTT, J., did not participate in the decision of this cause.

Filed Jan. 22, 1885.