The Baltimore and Ohio and Chicago Railroad Company v. Rowan.

Filed Nov. 24, 1885.

---

No. 10,784.

## The Baltimore and Ohio and Chicago Railroad Company v. Rowan.

RAILROAD.—*Duty of Company as to Safety of Employees.*—It is the duty of a railroad company to so construct and maintain its roadway and appendages, and its overhead structures, that its employees can perform the labor required of them with reasonable safety.

SAME.—*Low Bridge.—Liability for Injury to Employee Caused by.*—Where a railroad company has constructed and maintains a bridge over its track with knowledge that it is of insufficient height and dangerous to its employees in the discharge of their duties, it is liable to a brakeman, ignorant of the danger, who is injured while passing under such bridge in the performance of his duties.

INSTRUCTIONS TO JURY.—*Presumptions when Evidence not in Record.*—Where the evidence is not in the record, a judgment will not be reversed on account of instructions given, if they would have been correct under any supposable state of the evidence under the issues. In such case, also, it will be presumed that instructions refused were not applicable to the case made.

SPECIAL FINDING.—*General Verdict.—Judgment Non Obstante.*—All reasonable presumptions are indulged in favor of the general verdict, while nothing will be presumed in aid of the special findings; and where the facts specially found by the jury, construed together, are not inconsistent, but may, upon any hypothesis, be reconciled, with the general verdict, the latter must stand.

From the LaGrange Circuit Court.

*H. Newbegin, B. B. Kingsbury* and *J. H. Baker,* for appellant.

*H. G. Zimmerman, R. P. Barr* and *J. D. Ferrall,* for appellee.

The Baltimore and Ohio and Chicago Railroad Company *v.* Rowan.

HOWK, J.—The first error of which complaint is made here on behalf of the appellant, the defendant below, are those which call in question the sufficiency of the facts stated in appellee's complaint to constitute a cause of action.

This suit was commenced in the Noble Circuit Court, in this State, but afterwards, and before trial and judgment, the venue of the cause was changed to the court below. In his complaint, the appellee alleged that appellant was a corporation, under the laws of this State, and as such owned a line of railroad running into and through Noble county, in this State, and was and had been, prior to and at the time of the grievances and injury complained of, the owner of locomotive engines and trains of cars, used and employed by appellant before and at the time mentioned in the transportation of freight and carriage of passengers, on its line of railroad, into and through such county; that prior to the time of appellee's injuries, hereinafter mentioned, appellant had constructed a bridge over and across its road, in such county, at a place where it was crossed by a public highway, about one and one-half miles east of its depot in the town of Albion; that by the appellant's negligence, in keeping its railroad in repair and safe condition, at the place where such bridge was constructed, and in constructing such bridge and keeping it in safe condition for the passage of its trains, such bridge was not constructed of sufficient height above appellant's railroad to permit the brakemen on its freight trains to stand at the brakes at their proper and necessary places on top of freight cars, and perform their necessary duties, while such trains were moving on and along its railroad through and under such bridge, without great danger to the persons and lives of its brakemen on such freight trains.

And the appellee further alleged that at and prior to the commission of the injuries thereinafter mentioned, appellant and its agents and servants well knew, and, by the exercise of reasonable diligence, might have known, of the improper construction and insufficient height of the bridge aforesaid, and

that it was dangerous for brakemen to stand on the top of freight cars of the kind known as "refrigerator cars," while appellant's freight trains drawing such refrigerator cars were passing on its railroad, through and under such bridge, on account of insufficient height of such bridge and the want of sufficient space between the top of such refrigerator cars and the overhead timbers of the bridge, while passing thereunder; that appellant further knew that the proper and necessary place for a brakeman, on such freight cars and trains, as the one on which appellee stood and was employed by appellant at the time and place, and in the manner thereinafter stated, and was, while in the performance of his duties as such brakeman, on the top thereof; and that appellant well knew that it was highly dangerous for a brakeman to perform the duties required of him, and remain on the top of such refrigerator cars, while its train of such cars was passing through or under such bridge.

And the appellee averred that, on the 29th day of June, 1878, he being then in appellant's employ as a brakeman on one of its freight trains on its railroad, in such county, for a certain hire to be paid him by appellant for his services as such brakeman, the appellant did, on the day named, at Garrett, in such State, order and direct appellee to take his proper place on top of one of appellant's freight cars of one of its freight trains, then running between such town of Garrett, through Noble county to the city of Chicago, on appellant's railroad; that such freight train was composed in part of certain freight cars, known as "refrigerator cars," which were placed in the section of such train upon which by appellant's rules it became the duty of appellee to take his place as such brakeman, and upon the top thereof to do and perform the labor and services required of him as such brakeman; that the appellee being then and there ignorant of the improper construction of the bridge over appellant's railroad, at the place aforesaid in Noble county, and being ignorant of the negligent maintenance and repair of such bridge

The Baltimore and Ohio and Chicago Railroad Company *v.* Rowan.

by appellant's servants and agents, and being wholly igno-
rant of the insufficient height of such bridge over such rail-
road, all of which facts were well known at the time to ap-
pellant and its servants and agents, he, the appellee, then and
there, at the time and place aforesaid, took his proper place
at the brake on top of one of the refrigerator cars, on appel-
lant's train of freight cars, then and there running west
through Noble county and under such bridge; that, on the
day last named, while appellee was in appellant's employ as
such brakeman, and in the discharge of his duties on such
freight train, and while such train was running through No-
ble county and under such bridge, and while he was at his
proper place and post of duty on such cars in the discharge
of his duties, and while such train was under the charge of
one of appellant's servants as conductor, and without any
fault or negligence of the appellee, he, the appellee, was
struck with great force and violence by one of the overhead
timbers of such bridge upon his head, whereby he was badly
bruised and wounded in his head and rendered apparently
lifeless for a long time, and whereby his skull was fractured
and his nervous system greatly injured, and, by reason of
such wounds and bruises, he was for a long time, to wit, five
weeks, rendered sick and was disabled from work, and dur-
ing all such time suffered great bodily pain and distress of
mind, and was compelled to expend, to wit, $500 for nursing
and medical attendance, etc., to his damage $10,000.   Where-
fore, etc.

It is earnestly insisted by appellant's learned counsel, that
appellee's complaint does not state sufficient facts to consti-
tute a cause of action, or to show that appellant is liable to
him for the injuries he received while in its service and in
the proper discharge of the duties of his employment. After
criticising the complaint at some length, appellant's counsel
say : " In short, setting aside a jugglery of words respecting
negligence, the allegations of the complaint would fix the fel-
low servants of the appellee with negligence, such as would

avoid liability on the part of the appellant, because the accident, on these allegations, may well be held to have been caused by the negligence of fellow servants, and hence he should not recover. We repeat, there is nothing showing anything more than a sheer assumption of risk, on the part of the appellee, which risk was not latent, and, plain to be seen, not increased." It must be confessed that the position of appellant's counsel, in regard to the non-liability of the railroad company to its employee, in such a case as the one at bar, seems to be sustained by the decisions of the courts of last resort in several of our sister States. We cite some of these cases, as follows: *Baylor* v. *Delaware, etc., R. R. Co.,* 40 N. J. 23 (29 Am. R. 208); *Baltimore, etc., R. R. Co.* v. *Stricker,* 51 Md. 47 (34 Am. R. 291); *Devitt* v. *Pacific Railroad,* 50 Mo. 302; *Pittsburgh, etc., R. R. Co.* v. *Sentmeyer,* 92 Pa. St. 276 (37 Am. R. 684); *Clark's Adm'r* v. *Richmond, etc., R. R. Co.,* 78 Va. 709 (49 Am. R. 394); *Gibson* v. *Erie R. W. Co.,* 63 N. Y. 449 (20 Am. R. 552).

In this connection we may properly note that in Beach on Contributory Negligence, section 134, in speaking of these decisions, it is vigorously said : " If the roof or overstructure of the bridge is so low that it will strike a brakeman standing erect upon the top of his train, it is an essentially murderous contrivance, and it is not creditable to our jurisprudence that such buildings are not declared a nuisance. There is nothing in the reports worse than the cases that sustain the railway corporations in building and maintaining these man-traps."

The case in hand is one of first impression in this State, and we are not concluded by any previous decision of this court. We are impressed with the opinion that appellant's counsel misapprehend the force and effect of the facts stated in appellee's complaint, and admitted to be true, as the question of their sufficiency is now presented. Stripped of the "jugglery" of adjectives or qualifying words, the material facts admitted to be true were, (1) the construction and main-

The Baltimore and Ohio and Chicago Railroad Company v. Rowan.

tenance by appellant of the highway bridge over its railroad track, at an insufficient height to enable its brakemen to perform their labors and discharge their duties, without great danger and hazard to the life and personal safety of such brakemen, (2) appellant's knowledge of the insufficient height of such bridge, and that it was dangerous and unsafe for its brakemen to perform their labor and discharge their duties while passing under such bridge, (3) appellee's ignorance of the facts, that the bridge was too low, and that it was dangerous for him to attempt the performance of the duty imposed on him as a brakeman by the appellant, while passing under such bridge, and (4) appellee, while in appellant's employ as brakeman, in his proper place and at his post of duty, was struck by the bridge, under which his train was running, and received the injuries described in his complaint.

It will not do, we think, to say that these facts were not sufficient to constitute a cause of action against appellant for the recovery of such damages as appellee sustained. It seems to us that a railroad company is, and ought to be, required to construct and maintain its roadway and appendages, and its overhead structures, in such manner and condition that its employee or servant can do and perform all the labors and duties required of him, with reasonable safety.

In *Houston, etc., R. W. Co.* v. *Oram*, 49 Texas, 341, it was held by the Supreme Court of Texas as follows: "It is the duty of the railroad company to use ordinary care to provide such cars, road-bed, tanks, etc., as are reasonably safe; that a failure to do this, is negligence chargeable on the company itself; and that the company is responsible in damages to an employee for an injury resulting, without his negligence, from a tank or other appendage of the road so negligently constructed as to subject the employee to unnecessary and extraordinary danger which he could not reasonably anticipate or know of, and of which he in fact was not informed."

Doubtless, the general rule is, as it was declared to be by Chief Justice SHAW, in the leading case of *Farwell* v. *Boston*,

*etc., R. R. Co.,* 4 Met. (Mass.) 49, as follows : " He who engages in the employment of another for the performance of specified duties and services, for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services." But there are well defined exceptions to this general rule, one of which arises from the obligation or duty of the master not to expose the servants while conducting his business to perils or hazards which might have been provided against by the exercise of due care and proper diligence upon the part of the master. In *Chicago, etc., R. R. Co.* v. *Swett,* 45 Ill. 197, it was held by the Supreme Court of Illinois, that a railroad company is bound to provide suitable and safe materials and structures in the construction of its road and appurtenances, and if, from a defective construction of its road and appurtenances, an injury happen to one of its servants, the company is liable for the injuries sustained. The same learned court has since re-affirmed the same doctrine, substantially, in *Illinois Central R. R. Co.* v. *Welch,* 52 Ill. 183 (4 Am. R. 593), and in *Chicago, etc., R. R. Co.* v. *Russell,* 91 Ill. 298 (33 Am. R. 54).

In *Hough* v. *Railway Co.,* 100 U. S. 213, in speaking of the exceptions to the general rule, that a master is not liable to his servant for injuries sustained by the negligence of his fellow servants, the Supreme Court of the United States says : " One, and perhaps the most important, of those exceptions arises from the obligation of the master, whether a natural person or a corporate body, not to expose the servant, when conducting the master's business, to perils or hazards against which he may be guarded by proper diligence upon the part of the master. To that end the master is bound to observe all the care which prudence and the exigencies of the situation require, in providing the servant with machinery or other instrumentalities adequately safe for use by the latter." The doctrine here declared is in harmony with and supported by the recent decision of this court in the well considered case of *Indiana Car Co.* v. *Parker,* 100 Ind. 181.

The Baltimore and Ohio and Chicago Railroad Company v. Rowan.

We are of opinion that the facts stated in appellee's complaint are sufficient to constitute a cause of action, and that appellant's demurrer thereto was correctly overruled.

Under the alleged error of the court in overruling the motion for a new trial, the appellant's counsel first complain of the instructions given by the court to the jury trying the cause. Of these instructions counsel say : " The court gave such instructions as tended to mislead the jury and befog their minds as to the law, and leave them to grasp at any intimation, that they would be justified in finding a verdict against the defendant, a railroad company." We do not think that the instructions given by the trial court deserve this sweeping criticism at the hands of appellant's counsel. The evidence has not been made part of the record before us, and of course it is difficult, if not impossible, for us as an appellate court to judge clearly or accurately of the applicability of the instructions to the case made by the evidence. In such a case, where the evidence is not in the record, the rule has always been in this court, that a judgment will not be reversed on account of an instruction given, if such instruction could have been correct under any supposable state of the evidence which might have been introduced under the issues in the cause. *Miller* v. *Voss,* 40 Ind. 307; *Ohio, etc., R. W. Co.* v. *Nickless,* 73 Ind. 382; *Rozell* v. *City of Anderson,* 91 Ind. 591. Applying this rule to the case in hand, we have no difficulty in reaching the conclusion that there is no available error in the instructions given.

Complaint is made, also, of the court's refusal to give certain instructions at the request of appellant. Where, as in this case, the evidence given on the trial is not in the record, we will presume, in favor of the ruling of the court below, that the instructions asked for by appellant were properly refused, because they were not applicable to the case made by the evidence. *Freeze* v. *DePuy,* 57 Ind. 188; *Powers* v. *State,* 87 Ind. 144; *Louisville, etc., R. W. Co.* v. *Harrigan,* 94 Ind. 245.

Appellant's counsel next insist very earnestly, that the trial court erred in overruling the motion for judgment, in favor of appellant, on the special findings of the jury, notwithstanding their general verdict for appellee.   Fifty-eight interrogatories were propounded to the jury on the part of appellant, and twenty-nine on the part of appellee; and the jury returned, with their general verdict, answers to each and all of these interrogatories.   Many, indeed we may say most, of these interrogatories required the jury to answer as to mere evidentiary facts, and not as to the facts in issue. The answers to such interrogatories were and are of little value for any purpose; for, if they were apparently inconsistent with the general verdict, they could not control it, and as evidence merely, they constitute no part of the record. *Tucker* v. *Conrad*, 103 Ind. 349.

The interrogatories and answers are entirely too numerous and too long to be set out in this opinion.   We have carefully considered them, however, and have reached the conclusion that there is no such inconsistency between the special findings of the jury and their general verdict as entitled the appellant to a judgment in its favor on such special findings, notwithstanding the general verdict in favor of appellee. Section 547, R. S. 1881, provides: " When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."   All reasonable presumptions are indulged in favor of the general verdict, in determining the question under consideration, while nothing will be presumed in aid of the special findings.   *McCallister* v. *Mount*, 73 Ind. 559; *Cook* v. *Howe*, 77 Ind. 442; *Lassiter* v. *Jackman*, 88 Ind. 118.

In construing section 547, *supra*, it has been held that all the facts stated in the special findings of the jury must be taken and construed together, for the purpose of ascertaining their true legal effect, and if, when thus taken and construed, they are clearly inconsistent and can not be reconciled with the general verdict, they will control it, and the court must

give judgment accordingly. But where, as in the case in hand, the facts specially found by the jury, construed together, are not inconsistent, but may be reconciled, with the general verdict, the latter must stand and judgment must be rendered thereon. *Detroit, etc., R. R. Co.* v. *Barton,* 61 Ind. 293; *Indianapolis, etc., R. R. Co.* v. *McCaffrey,* 62 Ind. 552; *Grand Rapids, etc., R. R. Co.* v. *McAnnally,* 98 Ind. 412. If the special finding of facts can, upon any hypothesis, be reconciled with the general verdict, the latter must stand. *Amidon* v. *Gaff,* 24 Ind. 128; *Woollen* v. *Wishmier,* 70 Ind. 108; *Carver* v. *Leedy,* 80 Ind. 335.

The trial court did not err, we think, in overruling appellant's motion for judgment in its favor on the special findings of the jury, notwithstanding their general verdict.

It is also claimed by appellant's counsel, that the court erred in overruling the motion in arrest of judgment. This motion called in question the sufficiency of appellee's complaint, after trial and verdict. If we are right, as we think we are, in holding the complaint good on demurrer, it is certainly good after verdict, on the motion in arrest.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

MITCHELL, J., took no part in the decision of this cause.

