Redelsheimer v. Miller *et al.*

Filed Sept. 25, 1886.

--------♦--------

No. 12,674.

REDELSHEIMER *v.* MILLER ET AL.

PLEADING.—*Practice.*—*Complaint.*—*Demurrer.*—A demurrer which is addressed to a complaint consisting of more than one paragraph, as an entirety, will be overruled if one paragraph be good.

SAME.—*Misjoinder of Parties Not Cause for Demurrer.*—Misjoinder of parties is not a cause for demurrer.

SPECIAL FINDING.—*When will Control General Verdict.*—It is only where the special findings of facts, when construed together, are irreconcilably inconsistent with the general verdict, that the former will control.

SAME.—*Presumptions.*—All reasonable presumptions will be indulged in favor of the general verdict, but nothing will be presumed in aid of the special findings.

EVIDENCE.—*Record of Justice of Peace.*—The record of a justice of the peace is competent evidence of the proceedings had in a suit before him.

CONTRACT.—*Assumption of Debts of Another.*—*Action by Creditor.*—A creditor may maintain an action against one who has agreed, for a consideration, to assume and pay the debts of the debtor.

From the Allen Superior Court.

*R. S. Robertson,* for appellant.

*A. H. Bittinger* and *I. Stratton,* for appellees.

Howk, C. J.—In this case the appellee Miller sued appellant Redelsheimer, and one Jacob Oppenheimer, who is named as an appellee in this court, in a complaint of five paragraphs.

In each of such paragraphs appellee Miller sued to recover a balance due him, as alleged, from appellant on an open account for goods sold and delivered to Oppenheimer by such appellee, the payment of which appellant had assumed, for a valuable consideration. The cause was put at issue by appellant's answer in general denial, with an agreement that all matters of defence might be given in evidence thereunder. The issues joined were tried by a jury, and a general verdict was returned into court for appellee Miller, assessing his damages in the sum of $152. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant under the direction of the court. Over appellant's motions for judgment in his favor on the special findings of the jury, notwithstanding their general verdict, for a *venire de novo* and for a new trial, the court rendered judgment against him, in favor of appellee Miller, for the damages assessed in the general verdict and the costs of suit.

In this court the first errors assigned by appellant are the overruling (1) of his demurrer to appellee's complaint for the "misjoinder of parties," and (2) his demurrer to each paragraph of such complaint.

The appellant's demurrer, which assigns as cause therefor the "misjoinder of parties," is addressed to the complaint as an entirety. It is impliedly conceded by appellant's counsel, that this objection is applicable only to the first paragraph of complaint. For, in his brief of this cause, counsel says: "Surely, it needs no authority to show that, in the first paragraph of complaint, the cause of action is one which Jacob Oppenheimer had nothing to do with; while in all the others he was a necessary party." There was no error, therefore, in overruling this demurrer to the complaint. Besides, there is no such cause of demurrer as the "misjoinder of parties,"

known to our law. Section 339, R. S. 1881, provides that a defendant may demur to the complaint for certain specified causes, whereof the " misjoinder of parties " is not one, and then enacts that " for no other cause shall a demurrer be sustained."

The demurrer to each paragraph of complaint assigned, as the only cause of demurrer, that it did not state facts sufficient to constitute a cause of action. The error assigned by appellant, upon the overruling of this demurrer, is not even alluded to in the brief of his counsel. This error, therefore, is regarded as waived.

The next error complained of here by appellant is the overruling of his motion for judgment in his favor upon the special findings of the jury, notwithstanding their general verdict. The facts found specially by the jury, in their answers to the interrogatories propounded to them, were in substance as follows :

The defendant,˙ Jacob Oppenheimer, stated to appellant Redelsheimer, on the 1st day of September, 1884, before the transfer of the stock of goods by Oppenheimer to Redelsheimer, that his indebtedness to the plaintiff was only $40 ; and Redelsheimer replied, " Well, if that is all you owe him, I will take the stock and pay the debts ; " and, on that agreement, Oppenheimer turned the stock over to Redelsheimer. At the time the possession of said stock was delivered, Oppenheimer stated to James T. Pool (Redelsheimer's attorney) that he only owed Miller $40, and Redelsheimer had agreed to take the stock and pay the debts. The next morning Redelsheimer stated to Miller's attorney, Mr. Bittinger, that he had only agreed to pay Miller $40. Both Redelsheimer and Oppenheimer informed the plaintiff Miller, on the Monday following the transfer, that Redelsheimer had only agreed to pay Miller $40, and had not agreed to pay any more. Miller, at that time, had not accepted the terms of the contract. Miller did not say to Redelsheimer, on the Monday following, that he would see him further about it. It is not

a fact that plaintiff did, before the commencement of this suit, accept the contract made between Redelsheimer and Oppenheimer, and did not so testify.    Redelsheimer did, at the time of his proposition in Oppenheimer's room, promise Oppenheimer that he would pay Miller more than $40.    The value of the stock Oppenheimer transferred to Redelsheimer was $450.    Redelsheimer has already paid $9.15 costs in the attachment suit, to C. Bremen $2.33, to J. W. Smith $3 or over, Oppenheimer's board bill $6, attorney's fee in attachment suit $5, to Rothschild Bros. $137.10, to Redelsheimer & Brooks $40.87, and his undivided [individual?] claim was $110.59, and all these debts and claims were paid on account of his agreement made with Oppenheimer.

It is earnestly insisted, on behalf of the appellant, that the trial court clearly erred in overruling his motion for a judgment in his favor upon the facts found specially by the jury, notwithstanding their general verdict.    The code provides: "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."    Section 547, R. S. 1881.    This section is almost a literal re-enactment of section 337 of the civil code of 1852, and its provisions have been continuously in force, therefore, as a part of the law of this State, for more than one-third of a century.    Of course, the provisions of the section quoted have often been the subject of judicial comment and construction, in the reported decisions of this court.    It was early held, and the holding has been uniformly adhered to, that if the special findings can, upon any hypothesis, be reconciled with the general verdict, the former will not control the latter, and the court must give judgment on the general verdict.    *Amidon* v. *Gaff*, 24 Ind. 128; *Woollen* v. *Wishmier*, 70 Ind. 108; *Carver* v. *Leedy*, 80 Ind. 335; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88.    In the case last cited, it was held also, that in determining such a question as the one now under consideration, all reasonable presumptions will be indulged by this court in

favor of the general verdict, while nothing will be presumed in aid of the special findings of facts. *McCallister* v. *Mount,* 73 Ind. 559; *Cook* v. *Howe,* 77 Ind. 442; *Lassiter* v. *Jackman,* 88 Ind. 118.

We have also held that, in passing upon the question we are now considering, all the facts found specially by the jury must be construed together, for the purpose of ascertaining their true legal effect, and that if, when thus considered, they are inconsistent and can not be reconciled with the general verdict, they will control it, and the court must give judgment accordingly. Where, however, the facts specially found, when construed together, are manifestly inconsistent with each other, contradictory and uncertain in their meaning, as in the case under consideration, it is well settled by our decisions, that such special findings of facts will not control the general verdict, but the latter must stand, and judgment must be rendered thereon without regard to the special findings of the jury. *Grand Rapids, etc., R. R. Co.* v. *McAnnally,* 98 Ind. 412; *Hereth* v. *Hereth,* 100 Ind. 35; *Indiana Car Co.* v. *Parker,* 100 Ind. 181.

In the case in hand, we are of opinion that the court committed no error in overruling appellant's motion for a judgment in his favor on the special findings of the jury, notwithstanding their general verdict.

Under the alleged error of the court, in overruling appellant's motion for a new trial, it is claimed by his counsel in argument, that the court erred in admitting in evidence a justice's record of two suits, "without any accompanying papers." The justice's record was competent evidence of the proceedings had in the two suits. *Miller* v. *State, ex rel.,* 61 Ind. 503. The justice testified, and he is not contradicted, "that all the papers in the case are set out in full on my docket," and his docket or record was produced in evidence. There was no error in the admission of such record in evidence, without the accompanying papers.

Appellant's counsel also insists "that all the evidence,

which the court admitted, relative to the attachment proceedings, including the record introduced, was not only irrelevant but prejudicial to the appellant." Appellee's cause of action against Redelsheimer had its origin in the attachment proceedings, which the latter had instituted against Oppenheimer, and these proceedings are set out very fully in several paragraphs of the complaint in this suit. These proceedings thus became a part of appellee's case, and were admissible in evidence for the purpose, if for no other, of showing the circumstances under which appellant agreed with Oppenheimer to assume and pay the latter's debts. We have examined the court's instructions to the jury, and think they fairly stated the law applicable to the case made by the pleadings and evidence. The agreement between appellant and Oppenheimer, that the former would assume and pay the latter's debts, certainly enured to the benefit of appellee, as one of Oppenheimer's creditors, and authorized him to recover of appellant his account or claim against Oppenheimer in this suit. This is substantially what the court told the jury in its instructions, and they were not erroneous. This has been the law of this State since the decision in *Bird* v. *Lanius,* 7 Ind. 615.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Sept. 24, 1886.