The Evansville & Terre Haute Railroad Company v. Marohn.

No. 916.

THE EVANSVILLE & TERRE HAUTE RAILROAD COMPANY v. MAROHN.

JUDGMENT.—*Non Obstante Veredicto.—Exception to, How Saved.—Evidence Can Not Aid.*—An exception to the overruling of a motion for a judgment *non obstante veredicto* need not be saved by a bill of exceptions, and the court can not look to the evidence in aid of such question.

SAME.—*Motion for, Non Obstante.—Interrogatories and Answers.—When Special Finding Will Prevail.—Presumptions.*—The purpose of interrogatories and answers is to test the correctness of the general verdict, and if the two are so inconsistent that both can not stand on any reasonable hypothesis, the special findings will prevail. Every reasonable presumption will be indulged in favor of the general verdict, and nothing will be presumed in favor of the special findings; and if the answers to interrogatories, or the special findings, contradict each other, the general verdict will prevail.

CONTRIBUTORY NEGLIGENCE.—*Railroad.—Highway.—Dangerous Crossing.—Degree of Care Required.*—A traveler upon a public highway is not required to forego the use of a railroad crossing because it has been rendered highly dangerous by the company, and he is exonerated from contributory negligence, if he uses that degree of care which is commensurate with the perilous surroundings, and is injured.

SAME.—*Public Highway.—Railroad Crossing.—Collision of Traveler with Cars.—Presumption of Contributory Negligence.*—Where a traveler on a public highway is injured on a railroad crossing, by coming into collision with a train of cars, it will be presumed that he was guilty of contributory negligence, and, in an action for damages, this presumption must be overcome before a recovery can be had.

From the Daviess Circuit Court.

*J. E. Iglehart, E. Taylor, W. R. Gardiner* and *S. H. Taylor*, for appellant.

*W. A. Cullop, C. B. Kessinger* and *L. A. Meyer*, for appellee.

LOTZ, J.—On the 8th day of May, 1890, the appellee was traveling upon a highway in Knox county, Indiana, and, at a point where said highway crossed appellant's main track, he was struck by the locomotive engine attached to a

passenger train, and himself, and his wagon and horses, were injured. He brought this action to recover damages for the injuries sustained.

His complaint is in three paragraphs. The gravamen of the first is that the train approached said crossing at an immoderate and dangerous rate of speed, and that appellant's employes in charge failed and omitted to ring the bell or sound the whistle, or to give any signal of its approach of any kind whatever. The second paragraph differs from the first only in that it charges a failure to stop the train at Purcell's station, in the immediate vicinity of said crossing. The third paragraph charges the same facts set out in the first and second, and in addition thereto charges that the appellant caused a locomotive engine and train of cars to be switched and to stand on a side track near said crossing, thereby obscuring and preventing a plain view of the main track, and of trains thereon approaching said crossing; that said locomotive so standing on said track blew off steam, thereby creating such a noise as to prevent the hearing of an approaching train, or the signals by it given; and also failed to station any person to give notice of an approaching train; and caused large quantities of old rails and rubbish to be burned, producing smoke around said crossing, so as to obscure sight and the approach of said train.

The cause was put at issue by an answer of general denial. There was a trial by jury, and a general verdict for appellee, assessing his damages in the sum of $1,500. The jury also, at the request of both appellant and appellee, returned with their general verdict answers to various interrogatories. The appellant moved for a judgment in its favor, upon the special findings of the jury, notwithstanding the general verdict. This motion was overruled.

There are several assignments of error, but the only one discussed by counsel for appellant is the overruling of the motion for a judgment, notwithstanding the general ver-

dict. There is no bill of exceptions presenting the ruling of the court on this motion, but no bill is necessary for that purpose. *Terre Haute, etc., R. R. Co.* v. *Clark, Admr.,* 73 Ind. 168.

Neither is the evidence in the record, but, in reviewing the ruling of the lower court for a judgment *non obstante,* this court can not look to the evidence; hence, it is unnecessary that the evidence be in the record. *Pennsylvania Co.* v. *Smith,* 98 Ind. 42; *Cox* v. *Ratcliffe,* 105 Ind. 374.

The question here presented must be determined upon the complaint, the interrogatories and the answers thereto. The general verdict covers all the issues in the case. *Hereth* v. *Hereth,* 100 Ind. 35. The main purpose that the interrogatories and answers serve is to test the correctness of the general verdict. It is well settled that when the special findings are inconsistent with the general verdict, so that both can not stand, the former controls the latter, and it is the duty of the court to give judgment accordingly. *City of Indianapolis* v. *Cook,* 99 Ind. 10; *Fleetwood* v. *Dorsey, etc., Co.,* 95 Ind. 491; *Hartman* v. *Flaherty,* 80 Ind. 472; *Lake Shore, etc., R. W. Co.* v. *McCormick,* 74 Ind. 440; *Grand Rapids, etc., R. R. Co.* v. *Boyd,* 65 Ind. 526.

But, in attempting to overthrow the general verdict by the special findings, there are certain well settled rules that must be borne in mind. Before the general verdict will yield to the special findings, they must so antagonize each other that by no reasonable hypothesis can they be reconciled. It is then and then only that the findings control. R. S. 1881, section 547; *Indianapolis, etc., R. R. Co.* v. *Stout, Admr.,* 53 Ind. 143; *Alexander* v. *North Western, etc., University,* 57 Ind. 466.

If, however, there be any reasonable hypothesis by which they can be reconciled, the judgment must follow the general verdict. *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind.

460; *Grand Rapids, etc., R. R. Co.* v. *Ellison*, 117 Ind. 234; *Redelsheimer* v. *Miller*, 107 Ind. 485.

And every reasonable presumption will be indulged in favor of the general verdict, and nothing will be presumed in support of the special findings. *Rice* v. *Manford*, 110 Ind. 596; *McComas* v. *Haas*, 107 Ind. 512; *Sanders* v. *Weelburg, Exx.*, 107 Ind. 266; *Redelsheimer* v. *Miller, supra; Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88.

So, also, where the answers to interrogatories contradict each other the general verdict must prevail. *Hereth* v. *Hereth, supra.*

The right to a recovery in this case, if any there be, is based upon two facts, which must exist ; 1, that the appellant was negligent, and 2 that appellee was free from any negligence contributing to the injury.

Appellant contends that all the facts stated in the special findings, when construed together, show that the appellee was not free from contributory negligence. The special findings seem to cover nearly all the material facts in the case, and from them it appears, that Purcell's station is about six miles south of the city of Vincennes; that the main track of appellant's railroad at that place ran in a north and south direction; that there was a side track on the east side, and parallel with the main track, which was used for switching purposes, and for trains to pass each other. East of said station was a highway, the line of which extended from the east towards the west, until it came to within sixty feet of the railroad track, and then turned south and continued parallel with said track for the distance of three hundred feet; it then turned to the west and crossed the main track of the railroad at the point where the plaintiff was injured. It was about the hour when the south-bound passenger train was due at said station. A south-bound freight train had been side tracked to allow the passenger train to pass, and was standing upon the side track, with the locomotive engine

headed to the south. It was two hundred and fifteen feet from the highway crossing to the locomotive attached to the freight train. The passenger train approached said crossing at the rate of thirty miles per hour. The signal whistle for the approach to the station was given, but no whistle was given, and no bell rung, nor any signal of any kind given for the crossing.

The appellee was a teamster, and lived in Vincennes, and was familiar with this crossing. On the day of the accident he was traveling upon the highway in a wagon, to which were attached two gentle horses. He was traveling at the rate of two miles per hour. As he approached from the east, and turned southward, he saw the freight train standing on the side track. The freight train obstructed the view in the direction of the station and of the main track. Appellee continued southward with said highway, and turned to the west. When from forty to seventy-five feet east of the crossing he brought his team to a stop and looked and listened for an approaching train, and continued to look and listen in each direction until it was too late to avoid a collision. Appellee was in the possession of all his faculties, his eyesight and hearing were good, and he was agile and active. The engine standing on the side track was making a loud noise from escaping steam, and a large volume of steam and smoke was escaping, which prevented appellee from seeing or hearing the approaching train until it got within two hundred and fifteen feet of the crossing. There was no obstruction on the main or side track between the crossing and the engine attached to the freight train. The railroad was straight for about a mile north of the crossing. A person on the highway, forty feet east of the crossing, could only see thirty-three feet beyond the engine on the side track. When the appellee saw the approaching train, he did all he could to prevent a collision, and when the engineer of the passenger train saw appellee driving on the crossing, he applied the

air brakes and reversed the engine, and did all he could to stop the train and prevent a collision.

By the decisions of the Supreme Court of this State, it is settled that one about to cross a railroad track must approach the crossing under the apprehension that a train of cars is liable to pass at any moment, and that the greater the probable danger the greater the degree of care to be observed. *Cincinnati, etc., R. R. Co. v. Butler*, 103 Ind. 35.

Whether wisely or unwisely decided, it is not for us to say, but it is equally well settled that "The fact that a person traveling on a highway comes in a collision with a train on a railway crossing is of itself sufficient to suggest a presumption of contributory negligence against him in a suit for compensation." *Indiana, etc., R. W. Co. v. Greene, Admx.,* 106 Ind, 279 (285); *Indiana, etc., R. W. Co. v. Hammock,* 113 Ind. 1; *Louisville, etc., R. W. Co. v. Stommel,* 126 Ind. 35; *Cincinnati, etc., R. W. Co. v. Howard,* 124 Ind. 280, and cases cited.

Under these decisions, the appellee starts into this case not only charged with the burden of showing that he was free from contributory negligence, but with the presumption against him that he was negligent. The law accounts it negligence for any one to drive heedlessly or recklessly upon a railroad, at a crossing, or to cast himself upon a known peril, unless under compulsion. *Ohio, etc., R. W. Co. v. Hill, Admx.,* 117 Ind. 56; *Morrison v. Board, etc.,* 116 Ind. 431; *Lake Shore, etc., R. W. Co. v. Pinchin,* 112 Ind. 592.

The failure to sound the whistle and to ring the bell, or to observe the statutory signals, will not avail one who, by his own acts, contributed to the injuries. Because one party to an action is negligent is no excuse for negligence in the other party. *Indiana, etc., R. W. Co. v. Hammock, supra; Toledo, etc., R. W. Co., v. Brannagan, Admx.,* 75 Ind. 490; *Chicago, etc., R. W. Co. v. Hedges, Admx.,* 118 Ind. 5.

Appellant asserts, that the facts found show that the appellee attempted to make the crossing when he knew it was perilous; that he failed to exercise that degree of care which the dangerous surroundings required of him; and that applying the rules of law as above stated, it was the duty of the trial court to have sustained its motion for a judgment *non obstante*. We agree with appellant that the conditions at the crossing were such as to make it highly dangerous, and that such conditions were known, or could have been known, by appellee by the exercise of his organs of vision. But we do not think that the facts show that he rushed heedlessly and recklessly upon a known peril. He was not required to forego travel upon the crossing because appellant had rendered it highly dangerous. He had the right to presume that the appellant's servants would apprise him of an approaching train by giving the statutory signals, and if he used that degree of care commensurate with the perilous surroundings, he is exonerated from the charge of contributory negligence. The noise of the escaping steam prevented hearing, and the smoke and steam prevented seeing, the train, until it was within two hundred and fifteen feet of the crossing. At what point the appellee was upon the highway, when the train came in view, is not found. At the rate in which the train was going it would reach the crossing within four or five seconds. The appellee must have been near to or upon the crossing at the moment the train came in sight, for it is implied, from the general verdict, that he did all he could to prevent the collision.

There are cases which hold that there may be a recovery although the plaintiff may have gone upon the track without looking and listening for approaching trains, as where, by the negligence, or misconduct, or wrongful acts of omission or commission, the plaintiff is thrown off his guard, or where the defendant so acts as to invite him to go upon the track, or creates the impression that there is a

less degree of danger than actually exists. Beach on Cont. Neg., section 23. *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Ohio, etc., R. W. Co.* v. *Hill, Admx., supra.*

As before said, the appellee was not required to forego his privilege of traveling upon the highway; and, as everything must be presumed in support of the general verdict, it will be presumed that the appellee, while in the lawful exercise of this right, was lured within the danger line, and to the fatal spot, by the appellants' omission to give the statutory signals.

We do not think the court erred in overruling the motion.

Judgment affirmed.

Filed May 11, 1893.