EBENEZER BROUGHTON, Jr. *v.* JOHN FULLER and WIILIAM FULLER, Jr. Orleans, March, 1837.

In all actions *ex contractu*, the plaintiff, under the statute of 1835, may recover against one or more defendants, and the other defendants recover their costs, whether the suit be upon a contract in writing or not.

If a promissory note be altered in a material point, by consent of one signer, without the consent of the other signer, it is the note of the first, but not of the other, and, if declared upon as the joint note of both, the plaintiff may recover against one, and the other recover his costs.

Difference, stated as to the materiality of time, in declaring upon written contracts, between " the date" and the time of execution.

This was an action of assumpsit on a joint note given by defendants, for fifty dollars and interest, dated September 17, 1832, and made payable one year from January, next after the date.

On the trial of the issue, defendants gave evidence, tending to prove, that said note was given—not to the plaintiff—but to one Ebenezer Broughton, and that the said Ebenezer Broughton died at Fort Anne, in the State of New York, before the commencement of this action.

The plaintiff then offered evidence, tending to prove, that defendant, William Fuller, Jr, in March, 1833, consented to the said Ebenezer Broughton's making said note payable to the plaintiff, by inserting the word *Junior*, in the body of the note; which evidence was objected to by the defendants, but admitted by the court.

Whereupon, the cause being submitted, the court charged the jury, that, if they found that said alteration was made in the presence of the said Wm. Fuller, Junior,—and if his consent thereto was fully proved, they were at liberty to return a verdict against him, and in favor of the other defendant, which they accordingly did, and judgment was thereupon rendered, in favor of the plaintiff, against said William Fuller, Jr. and in favor of the other defendant against the plaintiff.

To the decision of the court, admitting evidence as aforesaid, and to the charge, and judgment, William Fuller, Junior, excepted.

*J. H. Kimball, for defendants.*

I. This being an action on a joint note, there must be a recovery against both the defendants, or neither.

II. The adding *Junior* to the name of the payee of the note, changed the person of the payer, so that it no longer re-

mained the same note. It was a material alteration, and rendered the note invalid. 2 Starkie Ev. 395 and note 1. 1 Selwyn, 334.

III. The evidence for the plaintiff tended to prove a note made, executed and delivered, in March, 1833, by one of the defendants.

The plaintiff, in his declaration, sets forth a joint note, " made, executed and delivered, in September, 1832," and the note in evidence corresponds with the description in his declaration.

This evidence was inadmissable,

1. Because a note takes effect from its delivery, and not from its date—and being made a new note by the alteration, it could not be delivered before March, 1833. *Woodford et ux.* v. *Dorwin,* 3 Vt. Rep. 82.

2. Because plaintiff's evidence proves a contract not set forth in his declaration—and unless the description in the declaration correspond with the evidence, the variance is fatal. 2 Phil. Ev. 1, and note *a.* Chitty on Bills, 531. 1 Selwyn, 117.

IV. The note is absolute on the face of it, and the general rule applies—that " parol evidence is inadmissible, to contradict, vary or explain a written contract, or to show it *different* from what it purports to be on the *face of it,*" or "to vary the promise." *Bradley* v. *Anderson,* 5 Vt. Rep. 152. *Farnham* v. *Ingham et al.* id. 514.

V. The statute of 1835, (p. 7,) does not contravene these principles.

It is there enacted, that in any action, founded on contract, any of the defendants, not a party to such contract, shall be discharged, and that the plaintiff shall, thereupon, be entitled to recover against the other defendants in such action, in the same manner, *as* if such action *had originally* been brought against such *other* defendants *only.* The object of this statute, manifestly, is to save the rights of the plaintiff in cases where he might have maintained his original action, against a less number of defendants than the number sued, had he *originally* sued them *only.* Therefore, the plaintiff can take no benefit from this statute, unless he could *originally* have maintained his action against Wm. Fuller, Jr. *only*—and had he done so, the above named rule, restraining parol evidence, would have excluded the

testimony. This construction restrains the statute to its proper use, and saves the principles of the common law.

*J. Cooper, Jun. for plaintiff.*

Does this case come within the provision of the statute of 1835? To answer this question, we have only to look at the note, as the several note of Wm. Fuller, Jr. If the note had been given by him alone, and the alteration had been made afterwards, by his consent, would it, or would it not have been a new contract, from the alteration? If it is not a new contract, then, most clearly, John Fuller is liable on the original note. But no one will pretend this, as it would be repugnant to every principle of law, to say, that he should be indebted to the plaintiff without his own assent, either express or implied. Then, if the obligation is altered so far as to affect the note as to John Fuller, surely it becomes a new contract as to William Fuller, when we prove his assent to the alteration. If so, it comes strictly within the statute provision.

The opinion of the court was delivered by

REDFIELD, J.—At common law, the plaintiff, in an action *ex contractu*, must make his case against all the defendants sued, or he could not recover against any. But, by a recent statute of this State, the plaintiff, even in actions *ex contractu*, may recover against any number of defendants, less than the whole number, and the others, recover their costs. So that, now, the joining too many defendants, is no ground of abatement even, much less of non-suit or error. And by the same statute, if too few defendants be joined, the others may be cited. This is engrafting on the system of law a principle of the proceedings in chancery, which may be found to work well in practice, or it may be found too cumbersome and complex, to consist with the machinery of special pleading, and trial by jury. This statute has been long enough in force to determine its utility. Whenever any part of our proceedings in courts are found manifestly defective, it is the part of sound policy to reform them ; but when they have been long established, and operate in any tolerable degree, it is sometimes better to " bear the ills we have, than fly to others that we know not of."

It is contended that this case, being a suit upon a written contract, is not within the purview of the statute. And the distinction is put upon the ground, that here is a variance between the declaration and the proof. But this is always the case, where the

Orleans.
*March,*
1837.

Broughton
*v.*
Fullers.

proof shows the contract made by a less, or a greater number, than the declaration , and it is upon this ground, that, at common law, the plaintiff could not recover ; and it is to cure this variance the statute was enacted.

The other points in the case seem to resolve themselves into much the same principles with those already adverted to. It is true, that the insertion of the word " Junior," without the consent of the signers, would avoid the note, but if made by their consent, it would be virtually making a new note, and antedating it. If made by the consent of one, it would be binding upon him, but not upon the other. The date of the note not being altered is not material. A note made one day may be dated another, and this is well enough, unless it is done to cover usury. In declaring upon a note without date, time is no more material than it is in a declaration upon a merely verbal contract. And when the note is dated, time is not material, except as a part of the description of the note. If the declaration state the note was *executed* on a certain day, different from that, on which the note bore date, there is no fatal variance ; but if the declaration allege that the *date* of the note was different, from what in point of fact it was, the variance is fatal, for the date is part of the description of the note. Hence, although the note now in suit is not the note of one defendant, and, as the note of the other defendant, was executed at the time of the alteration, (but the date remained the same,) and although the plaintiff might truly allege the time of execution, yet, if the date be set forth, it must be truly described. So the plaintiff has done.

The judgment of the county court is, therefore, affirmed.