FRANCIS E. DERBY *v.* REUBEN R. THRALL.

*Promissory Note.    Alteration.*

Wherever by the alteration of a promissory note neither the rights nor interests, duties nor obligations of either of the parties are in any manner changed, the alteration is immaterial.

One W. arranged with the plaintiff for the purchase of a rifle, in part payment for which he was to give a note for $22 with surety. W. procured the defendant to become such surety, and the note was drawn payable to Franklin Derby instead of Francis E. Derby, by mistake, and taken by W. to the plaintiff. W. then, without the knowledge of the defendant, consented that the plaintiff might alter the name of the payee from Franklin Derby to Francis E. Derby, the latter being the name of the plaintiff, for whom the note was intended. *Held* that the alteration was an immaterial one, and does not affect the liability of the defendant.

ASSUMPSIT upon common counts.  Plea, the general issue, and trial by court, at the September term, 1871, WHEELER, J., pre-siding.

Upon the trial, it appeared that one Wilson had arranged with the plaintiff for the purchase of a rifle, in part payment for which he was to give a note for $22, with surety, and that Wilson pro-cured the defendant to become such surety by agreeing that in the purchase of the rifle he should act as the agent of the defendant, and the rifle be the property of the defendant until the note should be paid.  That the plaintiff was commonly called Frank, when called by given name.  That Wilson procured a note to be drawn, dated April 23, 1869, for twenty-two dollars, payable in the month of October then next, to Franklin Derby, supposing that to be the plaintiff's name, and the defendant signed the note as surety.  That Wilson took the note to the plaintiff and the plain-tiff noticed that the name of the payee was Franklin, instead of Francis E. Derby, and that Wilson then consented that the plain-tiff might alter the name of the payee from Franklin Derby to Francis E. Derby, and the plaintiff did so alter it and took it in payment for the rifle, and that the defendant did not know of the alteration.  The plaintiff offered the note in evidence, in connec-tion with the proof of these facts.  The defendant objected.  The court overruled the objection and admitted the note in evidence,

and upon these facts rendered judgment for the plaintiff for the amount of the note with interest. To each of these decisions the defendant excepted.

*R. R. Thrall and C. H. Joyce*, for the defendant.

The alteration of the note by changing the name of the payee was a material alteration, and constitutes a good defense as far as the defendant is concerned. *Broughton* v. *Fuller et al.*, 9 Vt., 373; *Bigelow et al.* v. *Stilphen et al.*, 35 Vt., 521; 2 Parsons on Notes and Bills, 571.

*Dunton & Veazey*, for the plaintiff.

As the plaintiff was the real party for whom the note was intended, and could have enforced the collection of the same as it was originally written, the alteration was an immaterial one, and does not affect the validity of the note. *Langdon* v. *Paul*, 20 Vt., 217; *Bigelow et al.* v. *Stilphen*, 35 Vt., 521; *Granite R. R. Co.* v. *Bacon*, 15 Pick., 239; 2 Parsons on Notes and Bills, 559–560, 569, 571, 582; *Clute et al.* v. *Small*, 17 Wend., 238; *Broughton* v. *Fuller*, 9 Vt., 373.

Where the alteration, as in this case, was honestly made, the original words can be restored. *Nevins et al.* v. *De Grand*, 15 Mass., 412; *Adams et al.* v. *Frye*, 3 Met., 103. The case also shows that Wilson bought the rifle, for which the note was given, for Thrall, as his agent, and hence if the alteration was a material one, such as invalidated the note, but was honestly made, as the case shows it was, the plaintiff could recover for the rifle under the common counts for goods sold and delivered. *Wilson* v. *Carey*, 40 Vt., 179; 2 Parsons on Bills and Notes, 571; *Clute et al.* v. *Small*, *supra*; *Atkinson* v. *Hawdon*, 29 E. C. L., 169.

The opinion of the court was delivered by
PIERPOINT, Ch. J. It appears from the exceptions that the note on which the plaintiff seeks to recover, was given for a rifle purchased by one Wilson of the plaintiff; that the defendant signed the note to the plaintiff, as surety for said Wilson; that Wilson procured the note to be drawn, and had it made payable to Frank-

lin Derby, supposing that to be the plaintiff's name, as he was commonly called Frank. After the note had been signed by the said Wilson and the defendant, Wilson took it to the plaintiff, who noticed that it was payable to Franklin instead of Francis E. Derby, the plaintiff's name. Wilson then consented that the plaintiff should alter the name of the payee from Franklin to Francis E., and the plaintiff did so without the knowledge of this defendant.

The defendant now claims that such alteration of the note, without his consent, invalidates the instrument as to him, and discharges his liability. Whether it is to have such effect depends upon the nature of the alteration. Was it a material or an immaterial alteration ? The alteration having been made by a party to the note, if it is material it invalidates it, otherwise not.

It appears from the case that the plaintiff is the person to whom the note was given for property purchased of him, and this was understood by all the parties. This defendant knew, when he signed the note, what it was given for, and to whom it was intended to be made payable. He intended to sign a note payable to the plaintiff, and supposed he had done so. It turned out that Wilson had mistaken the given name of the plaintiff, and he consented that the plaintiff should make the alteration so as to make the note just what Wilson and the defendant supposed it was when they executed it. The change made no alteration in the liability or obligation of the makers. It neither enlarged, diminished, or varied that obligation. There was no change in the party to whom the obligation was assumed. The only effect of the alteration was to correctly describe the party to whom the promise was in fact understandingly made.

This is not like the case of *Broughton* v. *Fuller et al.,* 9 Vt., 373, relied upon by the defendant. In that case the note was originally given to Ebenezer Broughton, (the father.) It was subsequently altered by adding the word *Junior* to the name of the payee, thus making it payable to another and a different person from the one to whom it was originally understandingly given. Such an alteration was of course held to be material, and to invalidate the note.

In the second volume of Parsons on Notes and Bills, p. 560, it is said, " Adding the names in full of a firm to a bill drawn by them in the firm name, has been held no alteration, as being in effect only adding the Christian names of the drawees, whose surnames had been affixed to the bill before acceptance. So if the surname of the payee be interlined subsequent to the delivery, and it be proved that the note was originally given to this payee, the alteration is immaterial. So where a note made payable to a partnership under one name is endorsed by a surety, and afterwards altered by the maker and payee, without the knowledge of the surety, so as to be to the same firm under another name, the alteration is immaterial and does not discharge the surety." And various authorities are cited in support of these propositions, and the same author, after a full examination of the cases, draws therefrom the following conclusion : " Wherever neither the rights nor interests, duties nor obligations of either of the parties are in any manner changed, the alteration is immaterial."

Applying these principles to the case before us, it is very clear that the judgment of the county court was right, and must be affirmed.