70   50
88  343

JOHN S. CUSHING *vs.* EDWARD A. FIELD.

Somerset.   Opinion June 5, 1879.

*Promissory note.   Indorsement.   Negotiability.*

A note payable to order, on the face of which there is the following indorsement: "This note is subject to a contract made Nov. 13, 1874," is not negotiable ; the assignee takes it subject to all the equities between the original parties.

An immaterial alteration will not avoid a contract.

ASSUMPSIT on note of following tenor :

"Skowhegan, Me., October 1, 1874.   One year after date I promise to pay to the order of C. B. Mahan, four hundred and eighty-seven dollars, at the Granite National Bank, Augusta, Maine. Value received.   (Signed) Edward A. Field."

There was an indorsement across the extreme end of the note, thus : "This note is subject to a contract made November 13, 1874." It was claimed by the defense that this indorsement, after it was made and the note had been delivered, was fraudulently altered so as to read: "This note is subject of contract," &c.

Plea, the general issue, with brief statement as follows : That the note, and defendant's signature thereto, were obtained by fraud and fraudulent representations and without consideration; of all which, the plaintiff had notice and knowledge, and that he was not a *bona fide* holder of the note.   Other facts in the opinion. The verdict was for the plaintiff for $76.79 ; and the jury found specially that the indorsement aforementioned was changed by one Thompson, Mahan's agent, to whom the note with the indorsement on it was delivered by the defendant, by writing " of " over the word " to " after the note was signed.

The plaintiff moved to set aside the verdict and the special findings because they are against the evidence and instructions of the presiding justice, and because the damages are too small, and not in accordance with the instructions of the court or the evidence in the case, and also alleged exceptions.

The defendant, likewise, moved "the court now here, that judgment be entered for said defendant, notwithstanding the verdict

aforesaid, because the note declared upon in the writ, and the indorsement thereon, having been spread upon the records of this case and making a part thereof, and the jury having returned a general verdict for the plaintiff, and a special verdict finding that the writing indorsed on the back of said note when signed by the defendant, and delivered by him to one Ward S. Thompson, was as follows : " This note is subject to contract, dated Nov. 13, 1874 ; " and that said Thompson fraudulently altered the same so as to read, " This note is subject of contract, dated Nov. 13, 1874 ; " which said general and special verdict are also spread upon, and made part of, the record of this case ; the said defendant therefore moves that judgment be entered for him, upon the whole record, notwithstanding said general verdict."

The defendant requested the court to instruct the jury that the indorsement on the back of the note of the words, " This note is subject of contract dated Nov. 13, 1874," made the note subject to, and dependent upon, the conditions and stipulations of that contract, and destroys the negotiability of the note, and this plaintiff cannot maintain an action on it.

That the plaintiff can in no event recover more than the amount due under the contract.

That if the jury should be satisfied from inspection of the writing and from all the evidence in the case that the original indorsement upon the note was, " This note is subject to contract of Nov. 13, 1874," such a note would be subject to the terms and conditions of said contract ; that the negotiability of the note would thereby be destroyed, and the plaintiff could not maintain this action. That if they should be satisfied from such inspection and evidence that said indorsement was fraudulently altered by Ward S. Thompson, to whom said note was delivered by the defendant, by writing the word " of " over, and in place of, the word " to," thereby altering the legal effect and validity of such indorsement, such fraudulent alteration would render the note void, and the plaintiff could not recover on it.

The court declined to give the instructions requested, or any of them ; and instructed the jury to disregard the writing upon the back of the note, in making up their general verdict.

But the question of such alteration by said Thompson, as matter of fact, was submitted by the court to the jury, and they returned a special verdict that the original indorsement was, " This note is subject to contract of Nov. 13, 1874," and was fraudulently altered by said Thompson so as to read, " This note is subject of contract of Nov. 13, 1874."

*Baker & Folsom,* for the plaintiff.

*D. D. Stewart,* for the defendant, cited 2 Pars. Bills and Notes, 534, 536, 539, 541, 542-545, 562. *Davlin* v. *Hill,* 11 Maine, 434. *Benedict* v. *Cowden,* 49 N. Y. 396. *Stocking* v. *Fairchild,* 5 Pick. 181. *Jones* v. *Fales,* 4 Mass. 352. *Hobart* v. *Dodge,* 10 Maine, 159. *Makepiece* v. *Harvard Coll.,* 10 Pick. 392. *Barnard* v. *Cushing,* 4 Met. 231, 232, 233. *Shaw* v. *Meth. Epis. Soc.,* 8 Met. 226. *Bank* v. *Blanchard,* 7 Allen, 33.

Fraudulent alteration by Mahan's agent, after the defendant signed the note, rendered it absolutely void. 2 Pars. on Bills and Notes, 571, 582. 2 Daniels Neg. Insts., § 1397. *Meyer* v. *Huneke,* 55 N. Y. 412. *Benedict* v. *Cowden, supra. Wait* v. *Pomeroy,* 20 Mich. 425. *Johnson* v. *Heagan,* 23 Maine, 329. 4 Amer. Rep. 375.

Upon the whole record, the defendant's motion should prevail, and judgment should be entered for him, *non obstante veredicto. Knell* v. *Williams,* 10 East. 431. 2 Pars. Bills and Notes, 562.

APPLETON C. J. This is an action on a promissory note of the following tenor :

" Skowhegan Maine, October, 1874. One year after date, I promise to pay to the order of C. B. Mahan, four hundred and eighty-seven dollars, at the Granite National Bank, Augusta, Maine. Value received. Edward A. Field."

The note was indorsed " C. B. Mahan, agent of the Granite Agricultural Works, Lebanon, N. H."

There was also an indorsement across the extreme edge of the note thus :

" This note is subject of a contract made November 13, 1874."

The note, though having a different date is shown to have been

executed on November 13, 1874, when the following contract was signed:

"Office of the Granite Agricultural Works, Proprietors of the Granite Mower and Reaper, Manufacturers and Dealers in Agricultural Implements, Iron and Wood-working Machinery.

Lebanon, N. H., Nov. 13, 1874.

Edward A. Field
 Bought of Granite Agricultural Works,

| | | | | | | | |
|---|---|---|---|---|---|---|---:|
| 1 No. 6 Mower and Reaper, 5 feet cut, | | | | | | | $140.00 |
| 1 No. 0 " " " | 4 " 9 " | | | | | | 75.00 |
| 2 No. 1 " " " | 4 " 6 | | 75 | | | | 150.00 |
| 1 No. 2 " " " | 4 | | | | | | 75.00 |
| 4 No. 1 Side Hill Plows, | | | 11.75 | | | | 47.00 |
| | | | | | | | 487.00 |

Received by note due Oct. 1st, 1875, payable at Granite National Bank.

" We hereby agree with the said Field that if he should not be able to sell all the above goods before July 30, 1875, and shall notify us of such fact by mail, or otherwise, at that time, we will then send a general agent to assist him in the sale of the same. If then neither our agent nor the said Field can succeed in selling all the above goods before August 1, 1875, then we will take them off his hands and pay him the same prices at which they are now billed to him, with all money paid out for railroad freight charges on same from our factory. We hereby reserve the right to send an agent to assist said Field at any time when we deem it necessary, in order to secure the sale of said goods, and will account to the said Field for all goods so disposed of by us. It is also further agreed that if the said Field shall succeed in selling all the said goods, either alone or with our aid before August 15, 1875, then the said Field shall pay his obligation given this day for the same, in good faith, and the same as if this agreement had not been given at all.

" The above goods shall be well housed and properly cared for at all times.

" All the above goods are warranted from flaws or other defects in manufacturing. Granite Agricultural Works, C. B. Mahan, Agent.

"I hereby accept the terms of the above agreement, and will accept the goods named above in good faith, and do the best I can

soon as sent, to sell the same and pay for them as above specified. Edward A. Field."

The Granite Agricultural Works were burned and a mowing machine valued at seventy-five dollars was the only article in the bill of goods, which the defendant ever received, and it was for this that the verdict was rendered.

The note, the memorandum upon it, and the contract referred to are to be construed together as part of one and the same transaction. *Davlin* v. *Hill*, 11 Maine, 434. *Johnson* v. *Heagan*, 23 Maine, 329. *Stocking* v. *Fairchild*, 5 Pick. 181. *Barnard* v. *Cushing*, 4 Met. 230.

The note in suit is not negotiable. In *Jones* v. *Fales*, 4 Mass. 245, a note was given in the usual form on which, at the bottom, was written [Foreign Bills] and these words were held to destroy its negotiability. In *Amer. Ex. Bank* v. *Blanchard*, 7 Allen, 333, the words " subject to the policy " were held to incorporate the policy into the contract for the payment of money and to make the latter dependent on the contingency that no claim would arise on the policy against the company before the expiration of the time when the promise would mature. As the promise was conditional and not absolute, the note was held not to be negotiable. In *Benedict* v. *Cowden*, 49 N. Y. 396, the facts were somewhat similar to those of the case at bar. The defendant gave his note at the bottom of which were these words, "The above note to be paid from the profits of machines when sold." This memorandum was held to be a substantive part of the note and that it qualified it the same as if it had been inserted in the body of the instrument, and consequently that the note was not negotiable. The assignee takes it subject to all the equities between the orginal parties.

It is claimed that the words on the note have been altered and that the indorsement across the end of the note was originally thus, "This note is subject of a contract made Nov. 13, 1874." The alteration relied on consists in changing " to " as it is claimed it was originally written to " of." It is difficult to imagine what motive anybody would have to make such a change. If made, it does not alter the relation of the parties. Whichever word is

used, the note is subject to the contract. The idea that such an alteration was fraudulently made is simply preposterous. The probability is much greater that it was written " of " and then " of " changed to " to," for the purpose of making the intention, if possible, more clear. But either way, nobody could be harmed.

But it is well settled that an immaterial alteration will not avoid a contract. In *Aldous* v. *Cornwell*, 3 (L. R.) Q. B. 573, it was held that the second resolution in Pigot's case, (11 Rep. at fol. 27 *a*) that "if the obligee himself alters the deed . . although it is in words not material, yet the deed is void," was not to be regarded as law. " No authority was cited," remarks Lush, J., " nor are we able to find any, in which the doctrine has been acted upon, and an instrument held to be avoided by an immaterial alteration." In *Langdon* v. *Paul*, 20 Vt. 217, where the plaintiff offered a sealed instrument in which he acknowledged he had " signed " certain notes, and the words " and executed " were interlined, it was held that the interlineation was immaterial. Whenever, by the alteration of a promissory note, neither the rights nor interests, duties nor obligations of either of the parties are in any manner changed, the alteration is immaterial. *Derby* v. *Thrall*, 44 Vt. 413. *Arnold* v. *Jones*, 2 R. I. 345. *Ames* v. *Colburn*, 11 Gray, 390. *Cole* v. *Hills*, 44 N. H. 227.

*Defendant's exceptions sustained.*
*Plaintiff's motions and exceptions overruled.*

Walton, Barrows, Virgin and Libbey, JJ., concurred.