WOODWORTH. v. ANDERSON.

1. **Certificate of Deposit:** FRAUDULENT ALTERATION OF: NO RECOVERY ON ORIGINAL CONSIDERATION. Where a certificate of deposit was given "payable thirty days after date, with —— per cent per annum," and there was no agreement to pay ten per cent, and the holder, when about to sell it to plaintiff, and to aid such sale, represented that the agreement was for ten per cent interest, and that the blank was left by mistake, whereupon, in his presence and that of plaintiff, plaintiff's agent inserted the figures "10" in the blank, and plaintiff took the certificate, *held* that the alteration was fraudulent, and rendered the certificate void, and that no action could be maintained against the maker, either upon the certificate itself, or upon the original consideration for which it was given.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 25.

ACTION upon a certificate of deposit made by the defendant as a private banker. By way of a second count, the

plaintiff declares on account for money for which the certificate was given.   There was a trial to a jury, and verdict and judgment were rendered for the plaintiff.   The defendant appeals.

*William Kennedy*, for appellant.

*Barcroft & Gatch*, for appellee.

ADAMS, J.—The undisputed evidence in this case showed that the certificate was materially altered.  The court instructed the jury, in substance, that if the alteration was not fraudulent the plaintiff could recover upon the verbal contract out of which the certificate originated; but if the alteration was fraudulent the plaintiff could not recover.   It also instructed the jury that the burden was upon the plaintiff to show that the alteration was not fraudulent.   The defendant insists that, not only did the plaintiff fail to show that the alteration was not fraudulent, but that the undisputed evidence shows that it was.

In our opinion the defendant's position must be sustained. The certificate was issued to one Lehman, who sold and transferred it to the plaintiff.   The certificate, as issued, contained the following words: "Payable thirty days after date, with —— per cent per annum."   A printed form, as we infer, was used, in which a blank was left before the words "per cent," for the insertion of the figure or figures denoting the rate of interest, where more than six per cent was agreed upon.   In the certificate in question, the blank was not filled, and the certificate by its terms drew interest only at the rate of six per cent.   When the certificate was offered by Lehman to the plaintiff, one Kellogg, who appears to have been acting as an advisor to the plaintiff, observed the blank, and appears to have called Lehman's attention to it, stating that there had been a previous understanding that the purchase by plaintiff, which had been contemplated, should be of a certificate which should bear ten per cent interest.   Lehman said that it was

understood by Anderson that the certificate should bear ten per cent interest, but that he neglected to insert it. Thereupon Kellogg filled the blank by inserting the figures "10," and the certificate was sold and transferred by Lehman to the plaintiff. The alteration was made in the presence of both Lehman and the plaintiff, and, so far as the evidence shows, during the pendency of the negotiation for the purchase.

Anderson did not in fact, as the undisputed evidence shows, agree that the certificate should bear ten per cent interest, and Lehman's statement appears to have been made solely with the view of making the sale. While he did not make the alteration with his own hand, he induced Kellogg to make it; and, with knowledge of the wrongful alteration as made, he sold and transferred the certificate to the plaintiff, and fully adopted Kellogg's act. No discussion is necessary to show that such alteration was fraudulent. The certificate, then, became void. The original cause of action upon the account was lost by merger, and the circumstances under which the certificate became void were not such as to justify a court in holding that the original cause of action was revived by reason of the fact that the certificate became void.

Several questions have been presented which we have not specifically noticed. Some of them are sufficiently disposed of by the views above expressed, and as to others it is unnecessary to make any ruling. Among the latter is the question arising upon the motion by the appellee to strike out certain affidavits filed by plaintiff. These affidavits have not been considered—the conclusion which we have reached adverse to the appellee being upon a different ground.

REVERSED.