Filed Oct. 5, 1886.

———————◆———————

No. 12,641.

## McComas v. Haas.

Special Finding.— *When will Control General Verdict.*—It is only where the special findings of facts are irreconcilably inconsistent with the general verdict, with all reasonable presumptions in its favor, that the former will control the latter.

Evidence.— *Lost Letter.*— *Proof of Contents.*—Where a letter is shown with reasonable certainty to be relevant and material to the issues in a cause, its contents may be proved by parol, after proof of loss by a fair preponderance of the evidence.

Promissory Note.—*Recital that it is Given Subject to Contemporaneous Contract.*—*Negotiability.*—*Showing by Assignee in Order to Recover.*—Where a

McComas v. Haas.

promissory note recites that it "is given in consideration of and is subject to one certain contract existing between" the payee and maker, of even date with the note, it is not, under section 5506, R. S. 1881, negotiable as an inland bill of exchange, nor governed by the law merchant, although payable at a bank in this State, and an assignee of such note before maturity takes it subject to all the equities between the maker and payee, and he can not recover thereon until he has shown that the payee had performed his part of the contract, or, being ready to do so, was prevented by the maker.

SAME.—*Contract for Purchase of Machines.—Measure of Damages.*—In such case, where the contract recited that the maker of the note had bought of the payee a certain number of hay-forks at a stipulated price each, a certain part to be paid as each machine was ordered and the note given to secure the balance, the measure of damages, in an action on the note and contract, is the difference between the contract price and the market price at the time the machines ought to have been accepted.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellant.
*II. M. Billings* and *W. S. Moffett*, for appellee.

HOWK, C. J.—This is the second appeal to this court in the above entitled cause. The opinion and decision of the court, on the former appeal, are reported under the title of *McComas* v. *Haas*, 93 Ind. 276. After the cause was remanded, the court below sustained appellant's demurrer to the third paragraph of appellee's answer, in obedience to the mandate of this court. Otherwise, there was no change in the issues in the case. As stated in our opinion on the former appeal, appellant's complaint herein contained two paragraphs. The first paragraph counted upon a promissory note; and in the second paragraph, appellant declared upon the note and a written contract, which were parts of one and the same transaction. Both the note and contract were executed by appellee Haas, to and with one S. B. J. Bryant, and were by him assigned in writing, as alleged, to the appellant McComas.

The issues in the cause were again tried by a jury, and a general verdict was returned for appellee, the defendant below. With their general verdict the jury also returned into

court their special findings on particular questions of fact, submitted to them by appellant under the direction of the court. Over appellant's motion for judgment in his favor on the special findings of the jury, notwithstanding their general verdict, and over his motion for a new trial herein, the court adjudged that he take nothing by his suit, and that appellee recover of him his costs in this suit expended.

Appellant has assigned here as errors the overruling (1) of his motion for judgment in his favor on the special findings of the jury, notwithstanding their general verdict, and (2) of his motion for a new trial.

In answer to interrogatories, the jury found specially the following facts: Appellee Haas executed the note and contract mentioned in appellant's complaint; and S. B. J. Bryant, the payee of such note and contract, assigned the same to appellant McComas before the note became due, as averred in the complaint. S. B. J. Bryant furnished and put up, for appellee Haas, one of the Champion horse hay-forks and hay-carriers, mentioned in the contract which is made an exhibit to the second paragraph of the complaint, within the territory described in such contract. Appellee Haas, after the execution of the note and contract mentioned in the complaint, commenced canvassing the territory described in such contract, and attempted to sell the Champion horse hay-fork and hay-carriers to persons residing within such territory. Appellee Haas continued to attempt to sell the Champion horse hay-forks and hay-carriers for about nine months after S. B. J. Bryant had put up one of them within the territory described in the contract, mentioned in the complaint. S. B. J. Bryant, the payee of the note mentioned in the complaint, made false and fraudulent representations to appellee Haas, to induce him to execute the note and contract mentioned in the complaint herein, by falsely and fraudulently representing and claiming that he owned the exclusive right for the Champion horse hay-fork and hay-carrier for the States of Indiana and Michigan; which representations were believed

and relied upon by appellee Haas, and induced him to execute such note and contract. The note mentioned in the complaint herein was paid, compromised or satisfied the last of June, 1878, at Waynetown, Montgomery county, Indiana, to one Mat. Doherty, the authorized agent of S. B. J. Bryant and Ed. Hardee. S. B. J. Bryant assigned the note, mentioned in the complaint herein, to one Ed. Hardee, in May or June, 1878. S. B. J. Bryant notified appellee Haas that he had assigned the note in suit to one Ed. Hardee; and in May or June, 1878, Ed. Hardee notified appellee Haas that he had purchased the note in suit. Ed. Hardee authorized Mat. Doherty to compromise and settle the note sued upon. Appellee Haas never ordered any of the horse hay-forks and hay-carriers, mentioned in the contract referred to in the complaint.

It is certain, we think, that the court committed no error in overruling appellant's motion for judgment in his favor on the foregoing facts found by the jury, notwithstanding their general verdict. It is settled by our decisions that all reasonable presumptions must be indulged in favor of the general verdict, while nothing will be presumed in aid of the special findings of facts. Construing together the foregoing facts, and thus ascertaining their true legal effect, they are not inconsistent, but may be readily reconciled, as it seems to us, with the general verdict of the jury. In such a case, of course, as we have often decided, the general verdict must stand, and judgment must be rendered thereon, without regard to the special findings of facts. Section 547, R. S. 1881; *Amidon* v. *Gaff*, 24 Ind. 128; *Detroit, etc., R. R. Co.* v. *Barton*, 61 Ind. 293; *Cook* v. *Howe*, 77 Ind. 442; *Lassiter* v. *Jackman*, 88 Ind. 118; *Grand Rapids, etc., R. R. Co.* v. *McAnnally*, 98 Ind. 412; *Baltimore, etc., R. R. Co.* v. *Rowan*, 104 Ind. 88; *Lake Erie, etc., R. W. Co.* v. *Griffin, ante*, p. 464.

A number of causes for a new trial were assigned by appellant, in his motion therefor. Of these causes, we will con-

sider and pass upon such as his counsel have discussed, in their brief of this case, in the order pursued by them. It is first insisted on behalf of the appellant, that the trial court erred in admitting in evidence, over his objections, the testimony of appellee Haas, giving the contents of a certain letter claimed to have been written by one Ed. Hardee, and to have been delivered to appellee, which letter purported to authorize one Mat. Doherty to compromise appellant's claim with appellee. It is shown by the bill of exceptions appearing in the record, that when appellee as a witness on the trial was asked by his counsel to state what was in the letter, mentioned in this cause for a new trial, appellant objected to the admission of such evidence " on the ground that it was incompetent, irrelevant, immaterial, and that the evidence, sought to be elicited, does not tend to prove or disprove any issue in this cause, and the absence of the letter has not been sufficiently accounted for." Appellee had testified that S. B. J. Bryant, the payee of the note in suit, had notified him in the latter part of June or first of July, 1878, that he, Bryant, had assigned such note to Ed. Hardee, and that Hardee had written him, appellee, a letter about the note, which letter was delivered to him by one Mat. Doherty. It was shown, we think, with reasonable certainty, that this letter was competent, material and relevant to the issues in the cause. For the purpose of showing the loss of the original letter, when asked as to what became of such letter, appellee testified as follows: " It was filed here with the papers; I can't tell what has become of it; when the case went to the Supreme Court, I brought the letters up here and put them on file; that is the last I have seen of it; I hunted all through the clerk's office and failed to find them; I hunted among the papers, and the deputy clerk said they ought to be with the papers; they are not there; I don't know anything about where they are; I can't find them."

This evidence was uncontradicted, and it authorized the court to find, as it must have done, that the original letter

was lost and could not be produced by the appellee. The loss of the original letter, like any other fact, was to be proved by a fair preponderance of the evidence, and this was done. *Millikan* v. *State, ex rel.*, 70 Ind. 310; *Johnston Harvester Co.* v. *Bartley*, 94 Ind. 131. We are of opinion, therefore, that the court did not err in permitting the appellee to give parol evidence of the contents of Ed. Hardee's letter, over appellant's objections.

The only other error of law occurring at the trial, of which appellant's counsel complain in argument, is alleged error in the instructions to the jury, given by the court of its own motion. In his motion for a new trial, appellant assigned the following cause therefor: "3. The court erred in giving the jury, of its own motion, instructions from one to ——— inclusive, and in giving each of said instructions."

The record before us fails to show that the court, of its own motion, gave the jury more than one instruction, or that the instruction so given was designated by any number. It might well be doubted, therefore, if the cause assigned by appellant for a new trial, and heretofore quoted, was sufficiently certain and specific to direct the attention either of the court below or of this court to the detached sentences, complained of in argument, of the single instruction given. Waiving this point, however, we are of opinion that there is no error in any portion of the instruction, given the jury by the court of its own motion. Appellant's counsel vigorously complain of the following sentence in such instruction: "Under the issues formed by the defendant's denial of the complaint, the plaintiff assumes the burden of proving, among other things, that S. B. J. Bryant, one of the original parties to the contract sued on in this case, being the party through whom the plaintiff derives title as assignee, performed all the stipulations and conditions of such contract on his part, or he must prove that he was ready, able and willing to perform his part of such contract and was prevented from such performance by the refusal of the defend-

ant to send in his orders and, accept the forks, before he can recover of the defendant."

It is claimed by appellant's counsel, as we understand their argument, that this portion of the court's instruction was clearly erroneous because, by its terms, it is applicable to the issue formed on the entire complaint; whereas, it is claimed to be wholly inapplicable to the issue joined on the first paragraph of the complaint, which counted, as we have seen, upon appellee's promissory note. Counsel claim that appellee's promise to pay the sum of money, evidenced by his note, was absolute and wholly independent of the terms and conditions of the agreement, executed contemporaneously with his execution of such note by him and by S. B. J. Bryant, the payee of the note and the assignor of appellant. This position is untenable. We have already said that the note and the agreement were parts of one and the same transaction. That this is so is clearly shown by the last clause of such note, of the following tenor, to wit: "This note is given in consideration of, and is subject to, one certain contract existing between S. B. J. Bryant and Jacob Haas, of even date with this." Although the note in suit was, by its terms, payable at a bank in this State, with the clause or condition quoted on its face, it was not negotiable as an inland bill of exchange and was not governed by the law merchant; but the appellant, as the assignee thereof before maturity, took such note subject to all the equities existing between the appellee as its maker, and S. B. J. Bryant as the payee and assignor thereof. Section 5506, R. S. 1881; *Glidden* v. *Henry*, 104 Ind. 278.

By the express terms of the note, the contract of S. B. J. Bryant is made the consideration of such note. It is clear, therefore, that there could be no recovery on the note or contract by Bryant, or by appellant as his assignee, until it was shown that Bryant had performed his part of such contract, or that being able, ready and willing to perform, performance on his part was prevented by the acts of appellee. So the

court, of its own motion, instructed the jury as above quoted, and there is no error in such instruction.

Appellant's counsel also complain of the following portion of the instruction, given by the court of its own motion, to wit: "If the jury find for the plaintiff, the measure of his damages will be the difference between the contract price of the fifty hay-forks, mentioned in such contract, and the market price of the same at the time they ought to have been accepted." There is no error, we think, in this portion of the court's instruction. It was applicable to the case made by the evidence, and, in the event of a finding for appellant, correctly stated the rule for the measure of his damages. In the contract sued upon, it was recited that appellee had bought of S. B. J. Bryant "fifty of his horse hay-forks and hay-carriers, at $22.50 each," of which price $10 was to be paid as each machine was ordered, and that the note in suit was given to secure Bryant in the payment of the balance of such contract price. It was not shown by the evidence that Bryant had ever delivered or offered to deliver any of such machines to the appellee, or that he had ever been able, ready or willing to make such delivery, or that he had ever performed or offered to perform any of the stipulations of the contract sued upon, on his part to be kept and performed. In this state of the record, we are of opinion that appellant has no cause to complain of the instruction given by the court of its own motion, or of any part thereof.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Oct. 6, 1886.