## KLOTS THROWING CO. v. MANUFACTURERS' COMMERCIAL CO.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 289.

1. BILLS AND NOTES (§ 144*)—NEGOTIABILITY.

A note is not negotiable merely because it contains no conditions precedent, performance of which must be alleged in suing on it.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 360; Dec. Dig. § 144.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BILLS AND NOTES (§ 164*)—NEGOTIABILITY—ESSENTIALS.

It is elementary that a promise to pay must be absolute and uncondi-
tional to make the instrument containing it a negotiable note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. 411; Dec.
Dig. § 164.*]

3. BILLS AND NOTES (§§ 164, 315*)—NEGOTIABILITY—DEFENSES AGAINST AS-
SIGNEE OF NONNEGOTIABLE NOTE.

A note containing special stipulations and payable on a contingency
is not negotiable, and is subject in the hands of an assignee to any defense
available against the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 411,
758; Dec. Dig. §§ 164, 315.*]

4. BILLS AND NOTES (§ 315*)—DEFENSES AGAINST ASSIGNEE OF NONNEGOTIABLE
NOTE.

When payment of a note is expressly made subject to equities growing
out of, and defenses based on, an existing or contemporaneous agreement,
one taking the note holds it subject to such equities and defenses.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 758; Dec.
Dig. § 315.*]

5. BILLS AND NOTES (§ 315*)—DEFENSES AGAINST TRANSFEREE.

A note "subject to terms of contract between maker and payee" of a
specified date is subject to the maker's defenses in the hands of a trans-
feree.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 758; Dec.
Dig. § 315.*]

In Error to the Circuit Court of the United States for the South-
ern District of New York.

Action by the Manufacturers' Commercial Company against the
Klots Throwing Company. Judgment for plaintiff, and defendant
brings error. Reversed.

See, also, 170 Fed. 311.

Writ of error to review a judgment entered upon a verdict directed by the
court in favor of the defendant in error who was the plaintiff below. In the
following statement and opinion the parties are designated as in the Circuit
Court.

The action was brought to recover upon a note† of which the following is
a copy:

"$3,166.00                                    New York, January 15th, 1906.

"Six months after date we promise to pay to the order of Regenerated
Cold Air Co., thirty-one hundred and sixty-six $^{00}/_{100}$ dollars at 487 Broadway,
N. Y. City, with interest at 6 % per annum.

"Value received, subject to terms of contract between maker and payee of
Oct. 25th, 1905.

"No. —— Due July 15th, '06.              Klots Throwing Co.,
                                            "H. D. Klots, Prest."

The complaint alleged that the note had been indorsed and assigned by said
Regenerated Cold Air Company to the plaintiff which was the lawful owner
and holder thereof. The answer alleged, among other things, that said Re-
generated Cold Air Company had failed to perform its part of the agreement
referred to in the note, and set up by way of counterclaim a demand for dam-
ages for such nonperformance. Upon the trial the court ruled that the note
was a negotiable instrument, basing its decision upon the opinion of this court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† If this instrument possesses the element of negotiability it is, manifestly, a negoti-
able note. If it is non-negotiable it is immaterial for the purposes of this case whether
it should be described as a non-negotiable note or as a written agreement for the pay-
ment of money. Therefore, without defining terms and for convenience, it is designated
as a note—negotiable or non-negotiable.

reported in 170 Fed. 311, 95 C. C. A. 203, reversing a judgment in the case sustaining a demurrer to the complaint. Consequently the court further ruled that the defendant was not entitled to establish defenses available as against the payee of the note, and directed a verdict for the full amount thereof.

Gould & Wilkie (John L. Wilkie and Chester A. Jayne, of counsel), for plaintiff in error.

Ivins, Mason, Wolff & Hoguet (Robert Louis Hoguet and William L. Ransom, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The trial judge misapprehended our former opinion in this case. We did not hold that the note in question was a negotiable note. We merely held that whether it was negotiable or not its indorsement and assignment gave the plaintiff the right to recover thereon. If the note were negotiable the plaintiff would recover as indorsee; if nonnegotiable, as assignee. It was unnecessary to determine the question of negotiability. The case as now presented turns upon this question of negotiability. If the note were negotiable the trial court properly directed a verdict for the indorsee, for the defendant was not entitled to establish against it the defenses offered. If, on the other hand, the note were nonnegotiable, the action of the court was manifestly erroneous.

In examining the question of negotiability, it is important to recognize at the outset the distinction between it and any question of pleading. The plaintiff throughout its brief insists that because a note contains no conditions precedent, performance of which must be alleged in suing upon it, it is a negotiable instrument. But this conclusion does not follow. The conclusion which does follow is that the plaintiff, upon proving the note, is entitled to recover the full amount thereof in the absence of defenses established by the defendant. Thus, in our former opinion, we said that performance of the contract referred to in the note was not made a condition precedent to the payment thereof; that, as a consequence, it was unnecessary to plead such performance, and that nonperformance could be set up, if at all, only by way of defense. But, as already pointed out, we did not hold that, on account of the absence of conditions precedent, the note was a negotiable instrument.

It is elementary that a promise to pay must be absolute and unconditional to make the instrument containing it a negotiable note. If payment be dependent upon a condition or contingency, the instrument is not negotiable. In many cases the contingency is expressed in the form of a condition precedent. But we do not think it necessary that it should be so expressed. In our opinion when a note contains special stipulations and its payment is subject to contingencies, it fails to possess the character of a negotiable instrument and is subject in the hands of an assignee to any defense which would be available if it were still held by the original payee. See McClelland v. Norfolk Southern R. R. Co., 110 N. Y. 469, 18 N. E. 237, 1 L. R. A. 299, 6 Am. St. Rep. 397. And, as bearing especially upon the facts in this

case, we think that whenever the payment of a note is expressly made subject to the equities growing out of, and defenses based upon, an existing or contemporaneous agreement, a person taking such note holds it subject to such equities and defenses.

The distinction between conditions precedent, performance of which must be alleged in bringing the action, and contingencies and equities which must be set up by way of defense and which yet serve to qualify the obligation to pay the note and deprive it of negotiability, may be shown by illustration. Thus, let us suppose that the note in suit contained the following stipulation:

"This note in the hands of all holders is subject to all defenses which would be available to the maker based upon the contract between the maker and the payee of October, 1905, in the same manner and to the same extent as if it were held by the payee."

Such a provision would not constitute a condition precedent. It would not be necessary to plead performance of the contract in a suit upon the note. And yet it could hardly be claimed that an assignment of the note would shut out the defenses which the parties had stipulated should exist in the case of an assignment. Any such claim, if sustained, would deprive the parties of their right to make lawful contracts. The obligation to pay in such a case as this would be qualified and conditional, but would not depend upon the fulfillment of any condition precedent.

The real inquiry in the present case is whether the promise in the note should be treated as the substantial equivalent of the suppositious promise we have examined. Manifestly if the provision "subject to terms of contract between maker and payee" constitutes merely a reference to the agreement or a statement of the consideration for the note, it does not impair the negotiability of the latter. So, if it merely constitutes notice of the existence of the contract and not of the breach thereof, it would not affect negotiability. But the evident purpose of the parties to this note was to go further and make it subject to and to impress upon it the defenses to which the maker would be entitled under the contract. The assignee took it in that condition. To deprive the maker of those defenses, upon the ground of the negotiability of the note, would work great injustice. And we think that we are not required to reach such result. As between the maker and the payee of a note, payment is, as a matter of law, subject to existing equities and defenses even in the absence of any statement to that effect in the note. It is not too much to hold that when a promise is expressly limited by a provision in the note itself, assignees should take it subject to such limitation. In our opinion, the special stipulation in the present note limits and qualifies the obligation to pay so that it is not absolute, but is a prima facie obligation subject to be defeated by the maker's defenses.

Authorities cited by the plaintiff as well as by the defendant support these views. Thus in Jewett v. Lyon, 3 G. Greene (Iowa), 577, referred to by the plaintiff, it was said in a suit by the assignee of a promissory note containing a stipulation for a deduction from the amount thereof in a certain contingency:

"The obligation to pay is in all respects a promissory note, and the stipulations attached to it do not change in any respect its character, or weaken the liability of the maker. It only provides, for a certain contingency, the onus to establish which lies upon the defendant. Upon the introduction of this note in evidence, the plaintiffs made out a prima facie case, and in the absence of any rebutting testimony on the part of the defendant, the plaintiffs were entitled to recover, and hence the court did not err in overruling the motion for a nonsuit."

So, in Cushing v. Field, 70 Me. 50, 35 Am. Rep. 293, it was held that a note payable to order on the face of which was the following indorsement: "This note is subject to a contract made November 13, 1874"—was not negotiable, and that an assignee took it subject to all the equities between the original parties.

In American Exchange Bank v. Blanchard, 7 Allen (Mass.) 333, an instrument containing a promise to pay a stipulated sum at a fixed time "subject to the policy" was held—in a suit by the indorsee—not to be a negotiable promissory note because the promise was not absolute. The court said:

"Thus interpreted, it is too plain for discussion that the promise is in its nature contingent, and dependent for its fulfillment on other stipulations than those which are inserted in the body of the contract. To determine whether at its maturity any money would become due upon it, it would be necessary to have recourse to the policy therein referred to, and to ascertain whether any loss had occurred which would constitute a valid claim against the company in favor of the promisors, and operate as payment or set-off in whole or in part for the amount which the defendants had agreed by their promise to pay to the company."

In McComas v. Haas, 107 Ind. 512, 518, 8 N. E. 579, 582, the note contained the following clause: "This note is given in consideration of, and is subject to, one certain contract, etc.," and the court said:

"Although the note in suit was, by its terms, payable at a bank in this state, with the clause or condition quoted on its face, it was not negotiable as an inland bill of exchange and was not governed by the law merchant; but the appellant, as the assignee thereof before maturity, took such note subject to all the equities existing between the appellee as its maker, and S. B. J. Bryant as the payee and assignor thereof."

In Dilley v. Van Wie, 6 Wis. 209, 212, a note contained the following provision: "Subject to the provisions contained in an agreement this day made between said Carter and myself." In a suit by the indorsee the court said:

"The instrument in writing on which judgment was rendered is not a promissory note. Its payment is made subject to a contingency, or rather to the equities between the parties growing out of a contemporaneous agreement between the same parties. This is expressed upon the face of the (so-called) note, and deprives it of its commercial character."

In Bringham v. Leighty, 61 Ind. 524, a note contained the following provisions:

"This note was given for purchase money on said estate. If title defective, note void."

In an action on the note by an indorsee, it was held that it was not necessary to allege in the complaint that the title to the real estate

referred to was not defective.; the subject of title in such connection being entirely a matter of defense.

Upon principle and upon what we regard as the weight of authority, we reach the conclusion that the note in question was not negotiable, and that the trial court erred in its rulings.

The judgment of the Circuit Court is reversed.