[No. 25380. Department Two. March 25, 1935.]

FANNIE BERG, *Respondent*, v. A. A. POEPPEL *et al.,* *Appellants.*[1]

*H. E. Foster,* for appellants.

*Ward C. Kumm* and *Orville C. Hatch, Jr.,* for respondent.

HOLCOMB, J.—The amended complaint of respondent, in substance, alleges: That, prior to February 15, 1933, one Frank E. Berg constructed a dwelling house for appellants, upon completion of which a dispute arose of the amount due Berg; that, on February 15, 1933, it was orally agreed that Berg accept in full settlement the sum of $471, with interest at seven per cent, payable at the rate of fifteen dollars per month, commencing March 15, 1933, and that such agreement was evidenced by a promissory note which was secured by a second mortgage; that the note and mortgage were executed to Berg, and that, by reason of a material alteration in each of the instruments, they became void and were returned to appellants, and the mortgaged property released from the mortgage; that Frank E. Berg sold and assigned an account to respondent herein. It prays for judgment for $345.

[1]Reported in 42 P. (2d) 806.

To the amended complaint, appellants answered with a general denial and an affirmative defense. The affirmative defense alleges that the note referred to in the amended complaint was obtained by false and fraudulent representations; that the note and mortgage referred to in the amended complaint were executed, and after the same were signed, Berg, knowing that he could not wage an action on either, caused the name to be changed and had the same made payable to a third party. Soon after the instruments were signed, appellants commenced an action in superior court for King county to cancel the note and mortgage; and as the result of that action, those documents were surrendered and cancelled.

The amended reply served and filed by respondent denies all the allegations of the affirmative defense, except that it admits that an action was commenced to cancel the note and mortgage.

After a trial upon these issues, the trial court made substantially these findings: That respondent was an unmarried woman, and appellants are husband and wife; that, prior to February 15, 1932, a dispute arose between Frank E. Berg and appellants as to the amount due Berg from appellants on account of the construction of a dwelling house by Berg for appellants; and on or about that date, it was agreed by and between Berg and appellants that appellants would pay to Berg, and Berg would accept in full settlement of his claim against appellants, the sum of fifty dollars cash and the further sum of $471, with interest thereon computed at the rate of seven per cent per annum from February 15, 1932, payable at the rate of fifteen dollars per month, commencing March 15, 1932.

It was further agreed that the indebtedness must be evidenced by a promissory note executed by appellants, which was to be secured by a second mortgage upon

certain real property; that the note and mortgage were executed and delivered by appellants to Berg, but that, by reason of a material alteration in each of the instruments, they were rendered void, returned to appellants, and the mortgaged property released from the mortgage; that, for good and valuable consideration, Frank E. Berg sold, assigned and transferred to respondent the account due him from appellants, and that no sums had been paid on account thereof to respondent; that there is due and owing to respondent from appellants on account of such indebtedness, up to and including June 15, 1934, twenty-eight monthly payments of fifteen dollars each, or a total of $420.

From the foregoing facts, the court concluded that respondent is entitled to a judgment against appellants and each of them and the community composed thereof for $420, together with costs of suit to be taxed, which judgment should be without prejudice to the recovery by respondent of the balance remaining due from appellants.

Judgment was entered accordingly against appellants, from which this appeal is brought.

Substantially all of the testimony in the case was given by two witnesses, Frank E. Berg and appellant Mrs. Poeppel. There can be no question but that there was a controversy existing between appellants and Berg, the contractor. Mrs. Poeppel testified that it had been going on almost from the time he began work on their house. She transacted almost all of the business in relation to the building, as her husband worked in the day-time.

Berg had been divorced from his wife, but was indebted to her in the sum of about eight hundred dollars for arrears in alimony. She had threatened to tie up all of the money due him from his work on this contract. He had dissuaded her from so doing by the

promise to give her the money received from the contract. Upon receipt of the note and mortgage from Mr. Vedova, attorney for appellants in that matter, Berg took the same to Mr. Vanderworker, who, apparently for the purpose of fulfilling the promise to Mrs. Berg, made an alteration in both of the instruments by inserting the name of Fannie Berg in the place of Frank E. Berg, whereupon Berg had the mortgage recorded, delivered it and the note to his former wife in payment of the delinquent alimony, and obtained a receipt therefor.

Mrs. Berg placed the note in a bank for collection. Mrs. Poeppel went to the bank and learned of the alteration, whereupon she refused to make any payment thereon, although she admitted to the trial judge that she had intended to pay the $471 as agreed. She always volunteered the statement in her testimony, as an adverse witness and as her own witness, that she had made the agreement under protest.

Although no plea of duress was affirmatively pleaded, as should have been done (1 Bancroft's Code Pleading, 458, § 295), there was testimony by Mrs. Poeppel to the effect that Berg demanded and insisted on payment of something between six and seven hundred dollars; and that he and others who had furnished material or worked upon the construction of the building would file liens which would prevent her from financing a loan that had been undertaken of twenty-five hundred dollars. That was her contention of being under duress when she signed the note and mortgage. As the trial judge observed, that contention was very weak in this case. Berg and the working men could have filed lien claims just the same.

Errors assigned by appellants are: (1) In refusing to dismiss the action when it was called for trial; (2) errors at law occurring upon the trial in the admission

and rejection of testimony; (3) errors at law and of fact as observed by the court during the trial; (4) that judgment should have been in favor of appellants dismissing the action.

There was no evidence of any fraud, and the only issue of fact presented to the trial court was whether appellants and Berg, after a controversy as to the amount due Berg, had agreed upon the settlement of $471, thereby creating a debt on the part of appellants in that sum. Inasmuch as both Berg and Mrs. Poeppel testified to such an agreement, the trial court was undoubtedly correct in so finding, and that the original debt for the amount of the monthly payments which had accrued up to the time of the trial, was collectable.

Appellants' principal contention is that the material alteration of the note and mortgage destroyed the validity of any indebtedness, and could not reinstate a cause of action on the debt.

2 C. J. 1215 is cited to the effect that the change of a payee by substituting a different payee from the one originally in the instrument is a material change and vitiates the instrument as against the parties not consenting thereto, unless it can be justified on some other principle, as where plaintiff's, the original payee's, name is erased and the name of another inserted for the purpose of furnishing plaintiff with an indorser, etc.

Respondent apparently confessed that rule by surrendering the note and mortgage to appellants. There can now be no question as between these parties as to that matter.

The general rule is stated in 2 C. J. 1181, to be:

"Where a written instrument is not a satisfaction or extinguishment of the debt for which it is given, an alteration of the instrument without any fraudulent intention as a general rule, avoids the instrument only, and the promisee may still recover upon the original

indebtedness, as where the alteration was innocently made under a mistaken belief of right and for the purpose of making the writing conform to the real intention of the parties. . . .

"Thus where a note is given for a precedent indebtedness which is not extinguished by, but exists independently of, the note, and the payee innocently makes a material alteration therein, although the note itself is thereby avoided, there may nevertheless be a recovery by the payee against the maker on the original indebtedness."

Some of the cases cited by appellants recognize the above general rule. Thus, in *Lewis v. Schenck and Smith*, 18 N. J. Eq. 459, 90 Am. Dec. 631, that court held that a material alteration of a note by the payee, without fraudulent intent, though it avoids the note, does not deprive him of his right to recover the original debt.

Some cases very properly held that, where the rate of interest in a negotiable instrument for the amount of a certificate of deposit, a bond, or any other such instrument, was raised and the liability increased, it was conclusively fraudulent, and such instrument would be utterly void. *Woodworth v. Anderson*, 63 Iowa 503, 19 N. W. 296; *Wallace v. Tice*, 32 Ore. 283, 51 Pac. 733.

In another of the cases cited by appellant, *Vogle v. Ripper*, 34 Ill. 100, 85 Am. Dec. 298, that able court, among other things, said:

"An alteration by a stranger ought not to destroy the rights of innocent parties: . . . where a mortgagee has released or discharged the debt by a fraudulent alteration or destruction of the written evidence of it, he ought not to be permitted to sustain a suit for its recovery; but where the alteration was not fraudulent, although the identity of the instrument may be destroyed, we think it should not cancel a debt, of which the instrument was merely evidence."

As was said in the *Lewis* case, *supra,* where the alteration did not defraud the debtor:

"In such case, although the alteration avoids the note, yet it leaves the original debt unpaid. 2 Pars. on Notes 571-2; *Clute v. Small,* 17 Wend. 238."

The court allowed recovery on the original debt.

That is the prevailing rule in most states, and we see no reason why that rule should not apply here.

We find no merit in the contention of appellants that there was error in the admission and rejection of the testimony.

The judgment was right, and is affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and BLAKE, JJ., concur.